Hon. JNO. H. BURFORD, Chief Justice.
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. CLINTON F. IRWIN,
Hon. FRANK E. GILLETTE.
Hon. J. L. PANCOAST,
Hon. JAMES K. BEAUCHAMP,

} Associate Justices.

---

SHASTA L. METZ, BARBARA A. METZ AND H. A. BROCK-
HAUS v. SCOTT E. WINNE.

(Filed September 3, 1904.)

1. USURY—What Constitutes. The law of this Territory prohibits the taking or contracting for any higher rate of interest than twelve per cent per annum, and makes it unlawful to deduct more than one year's interest from the loan in advance, but it is not unlawful to compute the interest for the entire time the loan is to run, and contract to pay such sum in installments of such sums and at such times as the parties may by contract agree.

2. ACTION ON NOTE—Demurrer to Answer. It is not error to sustain a demurrer to an answer which alleges no consideration

for a note, and which pleads the special facts from which such conclusion is deduced, when from such specific facts it is apparent that such conclusion is erroneous, and that such note is based upon a sufficient consideration.

3.  APPEAL—Cross Errors.  The defendant in error will not be heard· upon cross errors assigned, unless he has saved exceptions to the matters complained of in the court below.  Errors of the trial court not objected to and not called to the attention of the trial court, or excepted to, will be deemed as waived.

(Syllabus by the Court.)

*Error from the District Court of Woodward County; before J. L. Pancoast, Trial Judge*

D. P. *Marum* and *Chas. W. White*  for plaintiffs in error.

T. W. *Sargent* and *W. H. Criley,* for defendant in error.

Opinion of the court by

BURFORD, C. J. :   This was an action to foreclose a mortgage.  On August 27, 1901, the defendants Shasta Metz and Barbara A. Metz executed a mortgage to the plaintiff to secure a principal note for $600.00 payable in ten years, with ten coupon interest notes for $42.00 each, also secured by the mortgage.   At the same time Metz and wife executed a second mortgage, to the same mortgagee, for the sum of $180.00, payable on September 1, 1902, evidenced by two notes, one for $150.00 and the other for $30.00.   The second mortgage contained a provision to the effect, that in the event the mortgagors should neglect to pay any taxes assessed against the mortgaged premises, or any of the interest notes secured by the first mortgage, that the holder of the second mortgage should pay the same at his option, and the sum so paid should become a lien secured by the second mortgage; and. the holder thereof should be entitled to an im-

mediate foreclosure of the land. The notes and mortgages were both executed to Winne & Winne, and payable at the office of Winne & Winne, at Wichita, Kansas.

It was averred in the petition that the plaintiff, Scott E. Winne, was the sole person doing business as Winne & Winne, and all papers executed to Winne & Winne were executed to him; that he had assigned the prior mortgage and six hundred dollar note and the ten coupon interest notes to the general Missionary and Tract committee of the German Baptist Brethren Church, and that the first interest coupon note of $42.00 came due and the mortgagors having failed to pay the same, the plaintiff after maturity paid and took up the same; and that the $150.00 note, secured by the second mortgage, was also due and unpaid, and the plaintiff demanded judgment for the amount of the $42.00 note paid by him, as well as the $150.00 note, and the foreclosure of his mortgage.

The defendants first answered by alleging that the mortgagee was doing business under a fictitious name, and had not complied with the laws of Oklahoma on the subject of fictitious partnerships. The court heard the evidence on this plea and overruled the same; it was heard upon affidavits which are in the record, and we think there was no error in the court's finding and judgment.

The defendants then answered first, by general denial except they admitted the excution of the several notes and mortgages, but by way of affirmative defense alleged that the notes were both given for interest on the six hundred dollar loan, and that the interest therein represented amounted to more than twelve per cent on the principal sum, and was

therefore usurious. The plaintiff demurred to all that portion of the answer except the general denial, and the court sustained the demurrer. The defendants refused to plead further, and the original notes and mortgage being presented to the court, judgment was rendered in favor of Winne for the sum of $192, with interest on said sums, as provided in the notes, and for foreclosure of the mortgage.

It is now contended that the court erred in giving judgment in favor of the plaintiff, inasmuch as it was alleged that the notes were without consideration, and that it was error to sustain the demurrer. The answer admitted the execution of the notes sued on and while it was averred that the notes were for usurious interest and without consideration, the facts were all set out in the answer from which such conclusions were deduced, and if the facts alleged did not support the conclusions of the pleader, but on the contrary showed a valid consideration for the two notes, then there was no error in sustaining the demurrer. The facts specially pleaded in the answer are that the defendants borrowed from Winne six hundred dollars, payable in ten years, with interest at 7 per cent, and that they executed one note for six hundred dollars and ten notes for forty-two dollars each, representing the interest for the ten respective years; that they also executed the note for $150.00, which was for additional interest, and aver that, such sum was usurious and excessive. A mere matter of mathematical calculation is sufficient to refute the conclusion of the pleader. Parties may contract for a rate of interest not to exceed twelve per cent. The interest on $600 for ten years at twelve per cent is $720.00. The interest contracted for as shown by these notes is as follows: Ten notes, $42.00 each, $420.00; one note, $30.00 and one

note $150.00, total, $600, which is $120.00 less than the maximum interest the mortgagee was entitled under the law to deduct.

It is argued that the law does not permit more than one year's interest to be deducted in advance. Sec. 848, Wilson's Stat. 1903, provides: "The interest which would become due at the end of a term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance if the parties thus agree." But it is not alleged or contended that any portion of the interest claimed was deducted from the loan in advance. On the contrary it appears from the pleading that the mortgagors borrowed and received six hundred dollars, and executed interest notes, payable in installments after the first year. If they comply with the contract they will have the use of the principal sum for the period of ten years, and the presumption is that they will do so. We know of no law that will prevent a borrower from paying all the interest on a loan at the end of one year, or in such installments as he may desire, and the parties may agree upon, so long as the person making the loan does not exact over twelve per cent per annum, nor deduct more than one year's interest from the amount of the loan in advance. The courts do not undertake to make contracts for individuals, nor to relieve them from burdensome obligations voluntarily assumed and entered into.

We are unable to discover any error in the ruling and judgment of the district court in this case.

The defendants also in their answer again averred that the plaintiff was a fictitious partnership, and without authority to maintain this action. But that issue had once

been tried on the facts and determined by the court, and no error was committed in sustaining the demurrer to such allegations when pleaded a second time.

The defendant in error has filed a cross petition in which he assigns as error the failure of the court to include an attorney's fee in his judgment. This was evidently error, and must have been an oversight of counsel in failing to claim it at the time judgment was rendered, but it does not appear that any objection was made in the trial court, or any exception taken to the judgment, and it is the established rule of practice in this court that an objection of this character will not be noticed for the first time in the supreme court. A failure to call the attention of the trial court to an alleged error and except to its ruling, will ordinarily be treated as a waiver.

The judgment of the district court of Woodward county is affirmed at the costs of the plaintiff in error.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.