## COVINGTON *et al.* v. FISHER.

No. 2020, Okla. T.   Opinion Filed September 12, 1908.

(97 Pac. 615.)

1.   **PLEADING—Answers—Inconsistent Defenses.** Even if defenses are inconsistent, unless expressly prohibited by statute, they may still be united in one answer, and the pleader cannot be compelled to elect between such defenses.

2.   **MORTGAGES—"Filed"—Errors of Officer.** A mortgage is filed, within the meaning of the statute, when it is delivered to the proper officer and by him received for the purpose of being recorded. The neglect or mistake of the register of deeds in recording the instrument does not affect the mortgagee.

3.   **USURY—Intent.** There must be an intent to take unlawful interest to constitute usury.

4.   **SAME—Deduction of Interest in Advance.** The interest which would become due at the end of the term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance, if the parties thus agree.

5.   **SAME—Semi-annual and Compound Interest.** A clause in a promissory note which reads: "With interest at 12 per cent. per annum after maturity, interest payable semiannually, defaulting interest to draw same rate as principal"—does not make such note usurious on its face.

(Syllabus by the Court.)

*Error from District Court, Blaine County; James K. Beauchamp,*
*Judge.*

Action by J. C. Fisher against John Covington and others,
Judgment for plaintiff, and defendants bring error. Modified and
affirmed.

*H. N. Boardman,* for plaintiff in error.

*Seymour Foose, Dale & Bierer,* and *Benjamin F. Hegler, Jr.,*
for defendant in error.

KANE, J.   This was a suit on a promissory note and to fore-
close a mortgage given to secure payment thereof, commenced by
the defendant in error, plaintiff below, against the plaintiffs in
error, defendants below, in the district court of Blaine county.
The plaintiffs in error John and Ella Covington were the mort-
gagors, and filed an answer admitting the execution of the note
and mortgage sued upon, and further pleaded a partial failure of
consideration and that the note and mortgage were usurious. The
defendant the First National Bank of Okeene filed its separate
answer and cross-petition against the plaintiff, and also against
its codefendants, John and Ella Covington, alleging in substance
that the Covingtons were indebted to it on a certain promissory
note secured by a real estate mortgage covering the same land de-
scribed in the mortgage of plaintiff, and asked for a judgment
against the Covingtons and a decree foreclosing its mortgage. As
against the plaintiff, it alleged that its mortgage was recorded in
the office of the register of deeds of Blaine county prior to the
time that the mortgage of the plaintiff was recorded, and prayed
that, if the plaintiff be entitled to a judgment of foreclosure, his
mortgage be decreed to be junior and inferior to the mortgage of
the First National Bank of Okeene. The plaintiff filed a reply in
the form of a general denial to the new matter set up in the an-
swer of the Covingtons, and in answer to the cross-petition of the
First National Bank of Okeene alleged in substance that at the
time and prior thereto that the mortgage of the First
National Bank of Okeene was recorded its officers, agents, and

employes had actual knowledge and information of the existence of the mortgage of plaintiff, and had actual knowledge, notice, and information that the Covingtons had executed, acknowledged, and delivered to the plaintiff the mortgage and note sued upon. The First National Bank of Okeene filed its motion to strike the plaintiff's reply from the files, or require him to elect upon which defense he would depend, for the reason that the reply consisted of two defenses, which were inconsistent, and which were not permitted under the rules of practice and under the issues as joined in the case, and asked the court to strike from said reply all thereof excepting the general denial, or, in lieu thereof, grant an order requiring the defendant in error to elect which ground of defense he would stand upon. The court overruled the motion to strike or elect, and this ruling of the court is the first error assigned and argued by counsel for the plaintiffs in error.

Under our procedure, which was taken from Kansas, this cannot be said to be an open question. The case of *De Lissa v. Fuller Coal & Mining Co.*, 59 Kan. 319, 52 Pac. 886, was an action upon a promissory note, in which the defendant answered, first, by general denial, and second, that the plaintiff had effected a sale of the land in question by fraud. At the beginning of the trial the plaintiff moved the court to compel the defendant to elect upon which ground of defense, the general denial or the allegation of new matter, he would stand. Mr. Chief Justice Doster, who wrote the opinion of the court, says:

"The principal contention of the plaintiff in error is that the answer of the defendant should have been treated as a plea of confession and avoidance, in which case the allegations of new matter contained in the answer would override or neutralize the general denial, and impose the burden of proof upon the defendant. * * *"

The Chief Justice then quotes approvingly from Pomeroy on Code Remedies as follows:

"Assuming that the defenses are utterly inconsistent, the rule is established by an overwhelming weight of judicial authority

Vol. 22—14

that, unless expressly prohibited by the statute, they may still be united in one answer. It follows that the defendant cannot be compelled to elect between such defenses, nor can evidence in favor of either be excluded at the trial on the ground of the inconsistency."

The case of *Clowers et al v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596, is also strongly in point. The Clowers Case was a suit on a promissory note and to foreclose a mortgage given to secure it. The defendant for answer in substance pleaded, first, *non est factum;* second, want of consideration; third, that plaintiff was not the real owner of the mortgage sued on. The court below sustained an objection to the introduction of certain evidence offered to support the second defense, on the ground that it was inconsistent with the plea of *non est factum.* Mr. Justice Turner, who wrote the opinion of the court, in reversing the case for this error, says: "Neither can it be said, in the face of the authorities, that the pleas of *non est factum* and want of consideration are inconsistent." The foregoing cases are decisive of the first question raised by counsel for plaintiffs in error, and seem to be against such contention.

The next assignment of error complains of certain instructions given by the court defining what would constitute actual notice to a banking corporation; but, as it will hereafter appear that the First National Bank of Okeene must be deemed to have had constructive notice of the plaintiff's mortgage as a matter of law, an instruction on the effect of actual notice could in no way prejudice its rights.

The undisputed evidence shows that plaintiff's mortgage was correctly drawn to cover the "northwest" quarter of section 9, township 18, range 11 west, situated in the county of Blaine, and that this mortgage was filed for record in the office of the register of deeds of Blaine county on the 11th day of December, 1902, and recorded in Book 9 of Mortgages, at page 69. In recording the mortgage the register of deeds made a mistake, and entered it in the record as the "southwest" quarter, instead of the "northwest"

quarter, of section 9, township 18, range 11 west, as it was correctly written in the instrument itself. The plaintiff presented and filed the mortgage for record, and it was correctly entered on the index in the office of the register of deeds as the "northwest" quarter, and so appeared in all the books in which it was necessary to make an entry of it, except in recording it at length, when the above mistake occurred. The mortgage of the First National Bank covering the same land bears date of the 11th day of October, 1904, and was recorded in Book 13 of Mortgages, page 48, in the office of the register of deeds, on the 12th day of October, 1904.

Counsel for the First National Bank complains because the court below admitted in evidence the indexes to the records of the register of deeds, and cites authorities to the effect that the indexing of a deed does not form an essential part of its record. We believe such indexes were admissible, as tending to show the mistake of the register of deeds, and to show that the mortgage, so far as the mortgagee was concerned, was properly prepared and deposited for record and was properly filed and indexed by the recorder. Section 1248, Wilson's Rev. & Ann. St. 1903, provides:

"The register of deeds shall, whenever an instrument shall be presented to him for record, immediately note on the instrument the year, month, day, hour and minute of receiving the same, and the date of record of such instrument shall be from the date of filing. He shall then enter the same on the receiving book, making all the entries in the appropriate columns as herein provided, and shall as soon thereafter as practicable, record said instrument in the proper record, enter it upon the proper indexes, and over his signature and seal note the book and page on which said instrument is recorded."

Under a similar statute it has been held that the delay of the register of deeds in making the entry did not affect the record thereof, and that the party filing his conveyance for record is not responsible for the fault or delay of the register in failing to enter immediately such conveyance upon his reception record, or in delaying to actually record said mortgage. *Poplin v. Mundell*, 27 Kan. 138. If it is the duty of the register of deeds to do all

this, it cannot reasonably be said that the mortgagee is required to exercise over the public officer any supervisory control. That his duty ceases as soon as he deposits a properly prepared instrument with the register of deeds seems to be settled by a long line of well considered cases. It is a universal rule that omissions by a public officer in the mode of complying with forms prescribed to him as his duty are not permitted to affect the party. *Castillero v U. S.*, 2 Black, 17-97, 17 L. Ed. 360. To the same effect is *C. M. Keys & Co. et al v. First National Bank of Claremore et al. ante*, p. 174, where other authorities on this point are collated.

Counsel for the Covingtons contends that the note sued upon by Fisher was usurious, and that it was indisputably shown to be such, not only under the evidence of plaintiffs in error, but also from the evidence of defendant in error; that even admitting the Covingtons received in the transactions the sums which they admit they did, and further admitting that the defendant in error paid out for and on behalf of the plaintiffs in error all the sums testified to by him, yet the transactions as a whole were in fact usurious, and the jury was not justified in bringing in a verdict in favor of the defendant in error for the full amount of his claim, that only the principal thereof could be recovered, less what had been paid on the note, if the evidence shows that the transaction as a whole was in fact usurious. The theory of counsel is that, because the verdict was found for a sum greater than the principal and the 12 per cent. per annum stipulated for in the note, the contract was usurious as a matter of law.

Counsel for plaintiffs in error admits in his brief that the evidence shows that the Covingtons received from Fisher the sum of $1,353, and his claim is that Fisher should have paid the Covingtons $1,359.74, a difference of $6.74. This discrepancy does not seem to be disputed by counsel for defendant in error; but he insists that, inasmuch as the jury found in favor of the plaintiff on the question of whether the contract was usurious, such finding is conclusive, and this court should simply order a *remittitur* for the excess, and order the judgment modified accordingly.

This contention seems to be supported by the authorities. In the case of *Bank of the United States v. Waggener et al.,* 34 U. S. 378, 9 L. Ed. 163, it is held that:

"In construing the usury laws, the uniform construction in England has been, and it is equally applicable here, that to constitute usury, within the prohibitions of the law, there must be an intention knowingly to contract for and to take usurious interest; for if neither party intend it, and act *bona fide* and innocently, the law will not infer a corrupt agreement."

This doctrine has been approved by the courts of last resort in several of the states.

"Usury depends on the intention, and where more than legal interest has been taken the jury must find the intention so to take it." (*Duvall v. Farmers' Bank,* 7 Gill & J. [Md.] 45.)

"In determining the question of usury, the intention of the parties should govern, without regard to the form of the contract." (*Cooper v. Nock,* 27 Ill. 301.)

"Whether the transaction is a usurious one depends upon the intention of the parties, and that is a question for the jury." (*Thurston v. Cornell,* 38 N. Y. 281.)

Mr. Justice Gillette, in *Sullins v. Farmers' Exchange Bank,* 17 Okla. 419, 87 Pac. 857, 10 L. R. A. (N. S.) 839, quotes approvingly from *Garvin v. Linton,* 62 Ark. 370, 35 S. W. 430, 37 S. W. 569, as follows:

"There must be an intent to take unlawful interest, to constitute usury. There can be no usury when the amount taken in the contract for interest in excess of 10 per cent. per annum was reserved through a mistake or ignorance of the fact that it was in such excess. If the lender, by mistake of fact, by error in calculation, or by inadvertence in the insertion of a date, contracts to receive an illegal rate of interest, 'such mistake, error, or inadvertence will not stamp the taint of usury on such engagement, nor cause to be visited upon him, who did not knowingly and intentionally disregard the law in this behalf, the highly penal consequences of an usurious offense.'"

The jury found the fact that the contract sued on in this case was not usurious, and as there was evidence reasonably tending to support the verdict it is conclusive upon this court.

Counsel for plaintiffs in error, in a statement compiled from the evidence, attempts to show that the verdict was excessive in the sum of $25.35. His figures are based on the theory that the law required the interest to be figured upon the amount of money actually advanced by Fisher to the Covingtons at the end of the year, or, in other words, that he was not permitted to deduct from the loan the interest in advance. In this, we believe he is in error. Section 848, Wilson's Rev. & Ann. St. 1903, provides that:

"The interest which would become due at the end of the term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance if the parties thus agree."

That Fisher had the right by agreement with the Covingtons to deduct interest in advance for one year on the $1,000 note is not only expressly provided for by the above statute, but seems to be sustained by the authorities, in the absence of statute. To that effect are the following cases: *Fowler v. Equitable Trust Co.,* 141 U. S. 384, 12 Sup. Ct. 1, 35 L. Ed. 786; *Telford v. Garrels,* 132 Ill. 550, 24 N. E. 573. That such a contract, legally entered into under the laws of the territory of Oklahoma which were in force at the time this contract was made, has also been sustained by the Supreme Court of the territory of Oklahoma, see the case of *Metz v. Winne,* 15 Okla. 1, 79 Pac. 223. It is true that in that case the interest was not taken out of the principal sum, but the case holds that the mortgagee had a right to contract for the payment of a part of the interest covering the entire period of the 10-year loan at the end of the first year, and for such a sum to be paid at that time as would be largely in excess of the maximum legal rate, if computed only for the period of a year; but the court holds it proper to make the computation for the entire time, and the principle to be drawn from the opinion is that the contracting for the payment of interest in advance does not make the transaction usurious.

Another point urged by counsel for plaintiffs in error is that the clause in a note which reads: "With interest at 12 per cent.

per annum after maturity, interest payable semi-annually, defaulting interest to draw same rate as principal"—makes the note on its face usurious. It is unnecessary to go into a review of the authorities cited by counsel in support of this contention. Our interest statute was adopted from the territory of Dakota. *People's Bank v. Dalton,* 2 Okla. 476, 37 Pac. 807. The question raised by counsel was passed upon by the Supreme Court of that territory in 1885, more than five years prior to the time Oklahoma Territory adopted the law. In the case of *Hovey v. Edmison et al.,* 3 Dak. 449, 22 N. W. 594, the note sued upon was drawn to bear interest at the rate of 12 per cent. per annum, and contained the following clause: "Should any of the interest not be paid when due, it shall bear interest at the rate of 12 per cent. per annum." The first syllabus of the above case reads as follows:

"A promissory note providing for the payment of interest annually, and stipulating that each annual installment of interest not paid when due, should bear interest at a specified rate from the time it fell due till paid, held valid and legal."

This opinion is directly in point upon the point now under discussion, and as it has been held many times by this court that a state adopting a statute from another state adopts the construction placed thereon by the court of last resort of the state from which the statute was adopted, provided such construction had been so long established as to have been well known, or that it might have been reasonably known to the Legislature adopting it, it cannot be said that the last question raised by counsel is now an open one.

We believe that there is no reversible error in the record; but, as it appears from the uncontradicted evidence that the verdict of the jury was $6.74 in excess of the amount actually due, the judgment entered on the verdict should be modified to that extent. With the exception of the foregoing modification. the judgment of the court below is affirmed.

All the Justices concur.