**BAKER et al. v. PITTSBURG MORTGAGE INV. CO.**

No. 8109—Opinion Filed Feb. 12, 1918.

(171 Pac. 23.)

(Syllabus.)

**Usury—Note—Rate of Interest.**

Affirmed upon the authority of Metz et al. v. Winne, 15 Okla. 1, 79 Pac. 223, Covington et al. v. Fisher, 22 Okla. 207, 97 Pac. 615, and Garland et al. v. Union Trust Co. et al., 49 Okla. 654, 165 Pac. 197.

Thacker, J., dissenting in part.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Action by the Pittsburg Mortgage Investment Company against Earl W. Baker and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Hendrix & Tracy, for plaintiffs in error.

T. M. Robinson, for defendant in error.

KANE, J. This was an action upon a promissory note and to foreclose a mortgage given to secure the payment thereof, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court. The petition was in the usual form, and admittedly stated facts sufficient to constitute a cause of action. The answer admitted the execution of the note and mortgage sued upon, and by way of defense alleged facts which the pleader says show that the instruments sued upon were usurious, and "that by reason of the amount of interest which said notes and mortgage carried with them, and the amount which was agreed to be paid thereon, the plaintiff, by charging said rate of interest, incurred the penalty of the usury law, to wit, double the entire amount of said usurious interest charged; that the total so charged was the sum of $830.78; that the total amount which said contract, if it had been made according to law, at 10 per cent. per annum, was the sum of $458.87; that by reason of the said transaction the plaintiff forfeited the sum of $1,661.56." Wherefore they pray that the plaintiff take nothing by its suit; that said notes and mortgage be declared canceled and annulled. and that the sum of $1,661.56 be declared forfeited on said transaction, and that these defendants' be allowed credit for the further sum of $26, overcharge of interest in addition to said forfeiture; that said coupon note be declared paid and discharged, and the notes herein sued on be declared paid and discharged, and the said mortgages annulled by reason of said forfeiture, and that these defendants have judgments over against plaintiff for the balance of said adjudged forfeiture, and for general relief. After reply, in effect, a general denial, the plaintiff withdrew the same, and moved the court for judgment on the pleadings, which motion was sustained, and judgment rendered in favor of plaintiff, to reverse which this proceeding in error was commenced.

From the admitted facts it appears that the trial court rightly decided the case upon the authority of Metz et al. v. Winne, 15 Okla. 1, 79 Pac. 223, and it is conceded by the parties that, unless the court overrules or modifies the proposition of law stated in the first paragraph of the syllabus of that case, the judgment of the court below must be affirmed. The opinion in Metz et al. v. Winne, supra, was handed down by the territorial Supreme Court in September, 1904, and the proposition of law stated in the first paragraph of the syllabus has been approved at least twice by the Supreme Court of the state since statehood. Covington et al. v. Fisher, 22 Okla. 207, 97 Pac. 615; Garland et al. v. Union Trust Co. et al., 49 Okla. 654, 165 Pac. 197. In the latter case, after a very full examination and review of the authorities, the court adheres to the doctrine announced in Metz et al. v. Winne, and Covington et al. v. Fisher, supra. In view of the recent discussion of this question and the conclusion reached by the court, further discussion here would serve no useful purpose.

The judgment of the court below is affirmed, upon the authority of Metz et al. v. Winne, Covington et al. v. Fisher, and Garland et al. v. Union Trust Co. et al., supra.

All the Justices concur, except Mr. Justice THACKER, who expresses his views in a separate opinion.

THACKER, J. (concurring). I concur in the conclusion reached and dissent from the reasoning and the rule announced in the opinion of the court in this case for the same reason that I did the same in the case of Garland v. Union Trust Co., 63 Okla. 243, 165 Pac. 197.

The notes and mortgages in this case were executed on February 12, 1913, and the contract specifies March 1, 1913, as the time from which the $750 loan should bear interest. A note and mortgage for the principal loan called for interest thereon at the rate of 7 per cent. per annum and interest coupons attached to this note called for the first payment at the expiration of nine months and for the succeeding payments at the end of each succeeding year. Three additional notes for $50 each, payable on November 1, 1913, November 1, 1914, and November 1, 1915, were also executed and delivered by the debtor to the creditor as a part of the loan contract. I do not think this shows the amount of interest charged that it contended by the plaintiff in error.

Allowing the $50 called for on November 1, 1913, the $50 called for on November 1, 1914, and the $50 called for on November 1, 1915. each, in so far as the same is not in excess of accrued interest on those dates, to sterilize the interest-bearing quality of an equal amount of the principal loaned until such excess could lawfully be earned as in-

terest, upon the principal of the benefits to be derived from and burden imposed by the contract, and looking to the essence of the contract as a whole, it does not appear that usurious interest was charged. Even if it be assumed in the face of the fact that it is not shown that the borrower's failure to receive the loan at the date it commenced to bear interest was due to the fault of the lender, it does not appear that the contract was usurious when considered as a whole and tested by its benefits and burden, unless I have erred in my calculations; but I protest against the rule by which this case is tested for usury in the opinion of the court.