**RENNIE et al. v. MISSOURI VALLEY TRUST CO.**

No. 15286—Opinion Filed Sept. 29, 1925.

Rehearing Denied Dec. 1, 1925.

(Syllabus.)

**1. Mortgages—Foreclosure — Sufficiency of Instructions.**

In a suit to foreclose a real estate mortgage, where instructions given by the court fairly and reasonably present, for the consideration of the jury, issues joined by the pleading and presented by the evidence, held said instructions are sufficient

**2. Same—Validity of Mortgage—Effect of Clause Relating to Payment of Taxes.**

A real estate mortgage containing the following provision: "That said first party shall not commit or suffer waste; shall pay all taxes and assessments upon said described real property and any taxes or assessments made upon said loan or the legal holder of said note and mortgage on account of said loan, to whomsoever assessed, including personal taxes, before delinquent," held, that this provision does not require the mortgagor to pay the registration tax provided for in chapter 84, article 2, C. O. S. 1921, and does not render said mortgage, and the note secured thereby, void.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by the Missouri Valley Trust Company against Albert M. Rennie and another. Judgment for plaintiff, and defendants bring error. Affirmed.

S. A. Horton, for plaintiffs in error.

Bowling & Farmer, for defendant in error.

CLARK, J. This cause was commenced in the district court of Garvin county by the defendant in error against plaintiffs in error on the 27th day of May, 1922. For convenience the parties will be referred to as they appeared in the lower court.

Plaintiff's petition was the usual form of petition for foreclosure of real estate mortgage. Plaintiff alleged in said petition that defendants did, on the 20th day of June,

1917, execute and deliver to the Aurelius-Swanson Company, Inc., the note sued on herein and real estate mortgage to secure the same, sought to be foreclosed.

The defendants answered by way of a general denial, except the execution of the note and mortgage sued on; and, further answering, denied that they, or either of them, were indebted to plaintiff in any sum whatever; alleging that the mortgage sought to be foreclosed was void for the reason that the same provided that the mortgagor shall pay any taxes or assessments made upon loan or the legal holder of said note and mortgage on account of said loan to whomsoever assessed, and that said note was also void for the reason that said mortgage and note were executed contemporaneously as one transaction, and that the court was without jurisdiction to enforce the clause of said mortgage or to foreclose said mortgage; that the mortgagee charged to and exacted from the mortgagor the payment of tax on said mortgage; and prayed that plaintiff take nothing and that the defendants have judgment canceling said mortgage, and removing it as a cloud on the title of the defendants.

Plaintiff filed its reply, in which the allegations of defendants' answer were denied. Further replying, said plaintiff denied that the mortgage sued on herein contains any provision which makes said mortgage void as alleged by the defendants, and in this connection plaintiff shows to the court that the mortgagee did not require mortgagor to pay, and the mortgagor did not pay, any taxes or assessments made upon said loan or the legal holder of said note and mortgage on account of said loan; that no such tax or assessment was exacted from or charged to the defendants, or either of them, as is well known to the defendants and each of them.

Upon the issues thus joined, said cause was tried to a jury, and a verdict returned for plaintiff in the amount sued for, and the court entered judgment thereon. Motion for a new trial was filed by the defendants, which was overruled, and the case is brought here for review.

Defendants in their petition in error assign 17 assignments of error. In plaintiffs in error's brief they present five separate propositions for reversal of the lower court. The first assignment of error is as follows:

"The learned trial court erred in not canceling the said mortgage and note and holding that the same was void, for the reason that the conditions of the mortgage, and the

requirements of the mortgagee /that the mortgagor pay the taxes, was in violation of the penal statutes of the state of Oklahoma; and therefore, the note and mortgage were both void."

The provision of the mortgage sued on herein upon which the defendants are relying to invalidate said mortgage is as follows:

"The said first party shall not commit or suffer waste; shall pay all taxes and assessments upon said described real property and any taxes or assessments made upon said loan or the legal holder of said note and mortgage on account of said loan, to whomsoever assessed, including personal taxes, before delinquent."

Defendants contend that this is in violation of section 9588, C. O. S. 1921, which is as follows:

"The tax herein provided for shall be paid by the mortgagee, and any mortgagee, agent, representative, or person who shall through any scheme, arrangement, agreement, inducement or device by an increase of the rate of interest, commission, brokerage, or otherwise, charge to or exact from the mortgagor the payment of such tax, shall be deemed guilty of a misdemeanor, and upon conviction be punished accordingly."

This question was squarely before this court in the case of Knebel v. Rennie et ux., in an opinion by Mr. Justice Kennamer, reported in 87 Okla. 136, 209 Pac. 414, in which the court had before it a similar provision of mortgage sought to be foreclosed. In the body of the opinion the learned Justice said:

"The tax referred to in the clause in the mortgage under consideration, to wit, 'Pay any tax that may be assessed against this mortgage,' if used in its ordinary, accepted meaning, clearly referred to such a tax as is usually assessed in the ordinary manner as provided by the general laws of the state by the tax assessor, and the phrase has no reference to the registration tax as provided for in chapter 246, Session Laws 1913. It is true that this registration tax exempted the mortgage from all other tax, but parties cannot ordinarily anticipate just what taxes may be imposed upon property by the taxing power in the state, which is the Legislature. It appears that the language used, 'to pay any tax that may be assessed against this mortgage,' contemplated some future tax, and was an attempt to provide for such a contingency. It undoubtedly would require a strained construction of the clause to hold that it imposed the obligation upon the mortgagors of paying a registration tax in order to have the mortgage recorded by the mortgagee.

"Another rule of law applicable in the case is that, in construing a contract, if it appears that the contract is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. The reason for the rule is that parties to a contract are presumed to have contracted within the law. Foreman v. Needles, 78 Okla. 105, 188 Pac. 1087; Martin et al. v. Oklahoma State Bank, 86 Okla. 113, 206 Pac. 824."

This provision of the mortgage having been construed in this case, supra, which we think is sound and reasonable, we will follow this construction. It would indeed be a strained construction to hold that this provision of the mortgage exacted from the defendants the registration tax imposed on mortgages under our law, and therefore the learned trial judge committed no error in holding that said mortgage was not void.

The second assignment of error is as follows:

"The learned court erred in holding that there was a question of agency and that the mortgagee could constitute the borrower as his agent to make this payment and thereby evade the law, for the reason that there is not a particle of evidence or pleading in this case upon which any such instruction could be based."

The third assignment of error complains of instruction No. 8 given by the court; the fourth assignment of error complains of instruction No. 9 given by the court, and the fifth assignment of error complains of instruction No. 10 given by the court.

We have carefully examined the instructions complained of, and taken as a whole with the other instructions given the jury by the court, we are of the opinion that the defendants' case was fairly and reasonably presented to the jury for its consideration within the issues joined by the pleading and presented by the evidence. The testimony was conflicting as to who paid the mortgage tax, and the jury found against the defendants, and following the well-established rule, where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

No error being called to our attention by the able brief of plaintiffs' in error which would justify this court to reverse this cause and remand it for a new trial, the judgment is affirmed.

All the Justices concur.