## RENNIE et al. v. OKLAHOMA FARM MORTGAGE CO.

No. 15376—Opinion Filed Jan. 12, 1926.

(Syllabus.)

**1. Mortgages—Foreclosure — Sufficiency of Instructions.**

In a suit to foreclose a real estate mortgage, where instructions given by the court fairly and reasonably present, for the consideration of the jury, issues joined by the pleading and presented by the evidence, held, said instructions are sufficient.

**2. Mortgages—Validity—Effect of Provision on Payment of Registration Tax.**

A real estate mortgage containing the following provision: "That said first party shall not commit or suffer waste; shall pay all taxes and assessments upon said described real property and any taxes or assessments made upon said loan or the legal holder of said note and mortgage on account of said loan, to whomsoever assessed, including personal taxes, before delinquent" —held, that this provision does not require the mortgagor to pay the registration tax provided for in chapter 84, article 2, C. O. S. 1921, and does not render said mortgage, and the note secured thereby, void. Rennie et ux. v. Missouri Valley Trust Co., 133 Okla. 257, 242 Pac. 1050.

Appeal from District Court, Garvin County; A. C. Barrett, Judge.

Action by the Oklahoma Farm Mortgage

Company against Albert Rennie and Laura M. Rennie. Judgment for plaintiff, and defendants appeal. Affirmed.

S. A. Horton, for plaintiffs in error.

H. G. Butts, S. J. Goodwin, and H. W. Harris, for defendant in error.

CLARK, J. This suit was commenced in the district court of Garvin county by defendant in error, against plaintiffs in error March 9, 1920. For convenience, the parties will be referred to as they appeared in the lower court.

Suit was filed in this cause by the Home Saving & State Bank as plaintiff, and on the 6th day of June, 1921, the Oklahoma Farm Mortgage Company was substituted as plaintiff in this cause.

Plaintiff's petition was the usual form of petition for foreclosure of a real estate mortgage. The defendants, after several unsuccessful motions and demurrer to plaintiff's petition had been disposed of by the court, filed their answer, which admitted the execution of the note and mortgage sued on, but denied liability, for the reason that said mortgage contained a provision that the mortgagor should pay the mortgage registration tax, and that said mortgagee required the mortgagor to pay such tax, and that the same was paid by the mortgagors; that the mortgagee did, through a scheme, arrangement, agreement, inducement and device, by an increase of the rate of interest, commission, brokerage, and otherwise, charge to and exact from the mortgagors the payment of such tax.

Further answering, the defendants alleged that the mortgagee never made any valid assignment of said mortgage to the Home Saving & State Bank, and the Home Saving & State Bank never made any valid assignment of said mortgage back to the said mortgagee. Defendants further answered that the note sued on is a part and parcel of the transaction of the execution of the mortgage as alleged by the plaintiff, and is not enforceable, and is void, and asked judgment for the defendants and their costs.

Plaintiff filed its reply, which denied each and every material allegation in defendants' answer, and especially denied that the defendants paid the mortgage registration tax on the mortgage sued on in this cause. Plaintiff further, by way of reply, stated that if defendants, or either of them, did pay such mortgage registration tax, such payment was a voluntary payment on the part of such defendants, brought about by reason of the fact that the loan made defendants, evidenced by said mortgage, was what is commonly termed a "direct loan," and was made to the defendants without the intervention of any agent; that in the handling and closing of said loan all papers and the abstract in connection therewith were handled directly between the loan company and the said defendants, and if in such handling of said loan, said de.endants or either of them did pay such mortgage registration tax, which plaintiff denies to be true, such payment was made by said defendants as agent of the plaintiff, and for and on behalf of the plaintiff, and plaintiff's attention was never, until this time, called to such fact of such payment. Plaintiff further pleaded, by way of reply, that plaintiff had on the 22nd day of February, 1923, tendered to the defendant, Albert Rennie, payment to him of the mortgage registration tax, claimed by said defendant to have been paid by him upon the mortgage involved in this cause, with interest thereon, which tender was by said defendant refused.

The cause was tried to a jury, a verdict was returned for plaintiff, judgment of the court was entered thereon, and defendants brought this case here for review.

Defendants' petition in error contains 22 assignments of error, five of which we deem necessary to consider for the proper disposition of this cause. The sixth assignment of error is as follows:

"The learned trial court erred in not canceling said note and mortgage, for the reason that, under the undisputed evidence, the mortgage required the mortgagor to pay, and the mortgagor did pay the tax upon the mortgage as required by the contract of the parties, in violation of section 9588 of the Laws of 1921."

A copy of a portion of said section is as follows:

"The tax herein provided for shall be paid by the mortgagee, and any mortgagee, agent, representative, or person who shall through any scheme, arrangement, agreement, inducement or device, by an increase of the rate of interest, commission, brokerage, or otherwise, charge to or exact from the mortgagor the payment of such tax, shall be deemed guilty of a misdemeanor, and upon conviction, be. punished accordingly."

It was the contention of plaintiffs in error, defendants below, that they were required to pay this mortgage tax. This question was in the issues joined by the pleadings and presented to the jury under proper instructions of the court, and the jury found against plaintiffs in error's contention, which finding of fact is conclusive on

this court. The trial court approved the verdict of the jury. And, finding no error in the court's instructions submitting this question to the jury, we are of the opinion that the plaintiffs in error's sixth assignment of error is without merit.

The seventh assignment of error is as follows:

"The trial court erred in admitting incompetent testimony over the objections of the plaintiffs in error, for the reason that the testimony was wholly immaterial and incompetent, and if there was anything to go to the jury in this case at all, at any time, this evidence was wholly incompetent for any purpose."

We have carefully examined the evidence admitted, complained of by plaintiffs in error, and we are of the opinion that the trial court did not commit error in admitting said testimony for the consideration of the jury.

The eighth assignment of error complains of instruction No. 4 of the court's instructions to the jury; the ninth assignment of error complains of instruction No. 5 of the court's instructions to the jury; the tenth assignment of error complains of instruction No. 6 of the court's instructions to the jury. We have carefully examined instructions complained of, and are of the opinion that they fairly, clearly, and reasonably stated the law in the case at bar. And under the issues as joined by the pleadings, the court committed no error in giving said instructions.

The facts in this case and the questions involved have been decided against the contention of plaintiffs in error in the case of Knebel v. Rennie et ux., 87 Okla. 136, 209 Pac. 414, and in the case of Albert M. Rennie and Edith Rennie v. Missouri Valley Trust Co., 113 Okla. 257, 242 Pac. 1050.

The law as stated in the above cases is controlling in this case. The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, and HUNT, JJ., concur.