## TOBIN et al. v. HOLMBOE.

Nos. 23409, 24337. March 26, 1935.

Rehearing Denied June 11, 1935.

Charles West, for plaintiffs in error.

Paul G. Darrough and Earl Foster, for defendant in error.

BUSBY, J. This is a mortgage foreclosure action which was commenced in the district court of Oklahoma county on the 15th day of April, 1931, by L. S. Holmboe, as plaintiff, against Mary Tobin and James Tobin, as defendants. The petition of plaintiff was in the usual form, and the various allegations and statements therein contained need not be repeated in this opinion. The defendants, in their answer, asserted, in substance, that the debt secured

by the mortgage was tainted with usury and that interest at a greater rate than 10 per cent. per annum had been charged, reserved, and collected. By way of cross-petition they sought to recover from the plaintiff double the amount of all interest charged, reserved, or collected in connection with the debt, which amount they asserted to be approximately $44,000.

The cause came on for trial on the 7th day of October, 1931, and after counsel for the defendants had made his opening statement to the jury outlining in detail the facts upon which he relied, the plaintiff moved for judgment on the opening statement. This motion was sustained by the court, and judgment was entered accordingly.

Thereafter, and on the 10th day of October, 1931, defendants filed a motion for new trial, and on December 14, 1931, they filed a motion to set aside the judgment. In this latter motion a new element was injected into the case. The defendants asserted that the mortgage, by its provisions, required the mortgagors to pay the mortgage tax and asserted that this rendered the entire mortgage and the debt secured thereby void and unenforceable.

Both the motion for new trial and the motion to set aside the judgment were overruled by the trial court, and the defendants, Mary Tobin and James Tobin, bring the cause to this court on appeal, appearing herein as plaintiffs in error. For the purpose of convenience, we shall continue to refer to the parties in the order of their appearance in the trial court.

Since the judgment in the trial court was rendered on the opening statement of defendants, the asserted facts as stated in the opening statement will be treated in this opinion as true for the purpose of testing the legal effect thereof. The following statement assumes the truth of such asserted facts.

On the 7th day of March, 1930, the defendants made, executed, and delivered to one D. T. Covington their promissory note in writing of that date, whereby they promised to pay the sum of $26,000 in semi-annual installments with interest thereon at the rate of 7½ per cent. per annum. The note, omitting portions thereof with which we are not concerned in this case, reads as follows:

"March 7, 1930.

"For value received, we promise to pay to the order of D. T. Covington, or assigns, at place designated by mortgage holder, the principal sum of twenty-six thousand and no/100 dollars, in amounts and at times as follows:

$1000.00 due Sept. 1, 1930 $1000.00 due March 1, 1931
$1000.00 due Sept. 1, 1931 $1000.00 due March 1, 1932
$1000.00 due Sept. 1, 1932 $1000.00 due March 1, 1933
$1000.00 due Sept 1, 1933 $1000.00 due March 1, 1934
$1000.00 due Sept. 1, 1934 $1000.00 due March 1, 1935
$1000.00 due Sept. 1, 1935 $1000.00 due March 1, 1936
$1000.00 due Sept. 1, 1936 $1000.00 due March 1, 1937
$1000.00 due Sept. 1, 1937 $1000.00 due March 1, 1938
$1000.00 due Sept. 1, 1938 $1000.00 due March 1, 1939
$1000.00 due Sept. 1, 1939 $7000.00 due March 1, 1940

with interest on each of said amounts from 10th day of March, 1930, at the rate of 7½% per annum, until Maturity thereof, payable semi-annually March and September first each year, said interest is further evidenced by coupons hereto attached, and to bear 10 per cent. interest after maturity thereof until paid, payable semi-annually, and 10 per cent. of principal note, as attorney's fees. All interest and principal not paid when due shall bear interest from the due date at the rate of 10 per cent. per annum until paid. Failure to pay any part of this indebtedness when due, gives the holder the option of declaring the whole of this indebtedness due, with the right to sue thereon. * * *

"Mary Tobin
"James Tobin."

This note was secured by real estate mortgage on property situated within Oklahoma City.

On the 14th day of March, 1930, the note and mortgage were transferred by indorsement and assignment to L. S. Holmboe, plaintiff herein. However, there is no question of innocent purchaser in this case. According to the opening statement of counsel for the defendants no money was paid out under the transaction until after this transfer and assignment had been made. Throughout the transaction D. T. Covington was acting as the agent of L. S. Holmboe, who acquired the note and mortgage with full knowledge of all the facts in connection therewith.

Instead of paying the full sum of $26,000 to the defendants, D. T. Covington delivered to them only $25,500, reserving at the time $500 in cash from the face of the note. At the same time and without other consideration the defendants delivered to D. T. Covington another note for $800, payable in monthly installments, all of the same to mature before August, 1930. This $800 was paid by them in August, 1930.

It will be referred to in this opinion as a "side note."

The defendants defaulted in the payment of the amounts due under the principal note, and the plaintiff exercised his option to declare the entire amount of the debt due under the accelerated maturity clause. He brought this action for foreclosure at the time previously stated in this opinion. This case has been presented to this court by briefs and oral argument. In the oral argument counsel for the defendants earnestly urged that the principal note is usurious on its face. He arrives at that conclusion in the following manner: First, he asserts that according to the terms of the note the plaintiff may, by virtue of the accelerated maturity clause therein, declare the entire debt due upon default in any payment, either of interest or principal; second, that in the event of collection under the accelerated maturity clause the note by its terms authorizes plaintiff to recover all of the unearned interest on the entire debt, which would otherwise not be payable until future years; that the plaintiff could thus collect an amount greatly in excess of 10 per cent. per annum.

We do not so interpret the terms and provisions of the note. The note provides for the payment of interest at the "rate of 7½% per annum, until maturity thereof" (referring to the maturity of the principal). It seems clear to us that when the accelerating clause is involved and the maturity date of the principal amount due under the note is advanced thereby, the note, by its terms, only requires the payment of interest calculated to the maturity date of the principal debt as determined under the accelerated maturity clause in the note, plus such additional interest as might accrue before final payment.

If the provisions of the note were open to doubt as to their meaning in this respect, it would be our duty to attribute to them such meaning as would render the contract legal and free from usury. See Covington et al. v. Fisher, 22 Okla. 207, 97 P. 615; Morgan v. Security State Bank of Wewoka, 168 Okla. 301, 32 P. (2d) 925. We therefore hold that the defendants' contention in this respect is without merit.

It is next urged by the defendants that both the $500 deducted from the face of the loan at the time it was made and the $800 represented by the side note should be treated as interest, and that when so treated and added to the 7½ per cent. provided on the face of the principal note,

the amount of interest for the first six months of the loan would be greatly in excess of 10 per cent. per annum. They urge in this connection that the charging, reserving, or receiving of interest in excess of 10 per cent. per annum during the first six months renders all interest charged in connection with the loan usurious.

For the purpose of simplifying the question, we shall consider the facts in a manner most favorable to the defendants. Both the $500 deducted at the time the loan was made and the $800 represented by the side note will be treated as money deducted in advance for interest.

The general rule in this jurisdiction is that money deducted from the face of the note at the time a loan is made should be treated as interest paid in advance and that the face of the note should be regarded as the amount of the loan (Mitchell et al. v. Fisher et al., 168 Okla. 145, 32 P. (2d) 37) unless the amount deducted exceeds one year's interest, in which event the excess, if any, should be treated as a deduction from the face of the note in determining the amount of the loan. Barnhart et ux. v. Richardson, 134 Okla. 19, 272 P. 418. This by reason of the fact that section 9525, O. S. 1931, provides that:

"The interest which would become due at the end of a term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance if the parties thus agree."

Since the loan in this case is for $26,000 and the amount deducted at the commencement of the loan was only $1,300, it is apparent that the amount deducted was less than one year's interest, and that the loan should, therefore, be considered as a $26,000 loan.

It is the general rule in this jurisdiction, established by many previous decisions of this court, that in determining whether or not a contract is usurious, the interest to be paid under the terms of the loan should be computed for the entire period of the loan. If the interest thus computed does not exceed the maximum legal rate of 10 per cent. per annum, the contract is not usurious. See Covington v. Fisher, supra; Garland et al. v. Union Trust Co. et al., 63 Okla. 243, 165 P. 197; Conservative Loan Co. v. Whittington et al., 120 Okla. 137, 250 P. 485; Clement Mortgage Co. v. Johnson, 83 Okla. 153, 201 P. 247; Metz et al. v. Winne, 15 Okla. 1, 79 P. 223; Mitchell v. Fisher, supra.

Thus in Garland et al. v. Union Trust Co., supra, we said:

"* * * Computing the interest for the entire time the loan had to run, does the interest reserved exceed the legal rate? If so, the loan is usurious; otherwise not. * * *"

And in Conservative Loan Co. v. Whitington et al., supra, we announced the test in the following language in paragraph one of the syllabus:

"The test as to whether a contract is 'usurious' is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal rate? If it does exceed such amount, it is usurious; otherwise it is not."

Applying this test to the case at bar, treating the transaction as a $26,000 loan, and making allowance for the partial payments of principal every six months, the amount of interest that could be charged during the period thereof, on the basis of the maximum legal rate of 10 per cent., would be $16,500. The amount of interest that was actually charged by the terms of the note at the rate of 7½ per cent. per annum for the unpaid portion of the principal was $12,378; this amount being all that would have been paid under the 7½ per cent. interest provision in the note, if the note had been paid in accordance with the terms thereof. Add to this amount the $1,300 deduction, which we have also classified as interest, and the aggregate amount of interest charged for the entire period of the loan was $13,675. In other words, the maximum amount of interest that would have been paid under the loan if it had been carried out in accordance with its terms would have been $2,825 less than the maximum amount of interest that could have been legally charged under the usury statutes of this state. Therefore, this contract was not usurious.

This court has consistently applied the above-stated rule to contracts for the loan of money where, by reason of deductions made at the commencement of the loan, or by reason of side notes, or other collateral agreements, the amount charged during the first year exceeded the legal rate. See Metz et al. v. Winne, supra, and Garland v. Union Trust Co., supra; Baker et al. v. Pittsburg Mortgage Inv. Co., 67 Okla. 310, 171 P. 23; Clement Mortgage Co. v. Johnston, supra; Mitchell v. Fisher, supra.

We therefore hold that, as applied to this case, the fact that a greater rate of interest than 10 per cent. per annum was charged, reserved, or collected during the first year of the loan does not render the contract usurious, when the total interest charged, reserved, and collected, when distributed throughout the period of the loan, does not exceed the maximum legal rate allowed by law.

It is next contended by the defendants that the contract should be declared usurious for the reason that if the plaintiff took advantage of the accelerated maturity clause in the note at the end of the first year on default in the payment of interest or principal and proceeded to collect the note in accordance with its terms at that time, he would receive a greater rate of interest than 10 per cent. per annum for the period that the loan actually ran. The general rule of law applicable to this contention is stated in 66 C. J., at page 205, in the following language:

"* * * The rule has been laid down in a number of cases that a provision in a contract of loan or forbearance that in case of default in the payment of any interest when due the whole amount of the debt, principal and interest, shall forthwith become due and payable, does not render the contract usurious, even though the enforcement of the contract according to its terms will result in giving the creditor more than the lawful rate of interest for the period for which the debtor actually has the benefit of the loan; and so, in testing such a contract for usury, the date of maturity with respect to which the rate of interest is to be calculated is the date fixed in good faith for the maturity, and not the date upon which the maturity is declared for the default."

The Oklahoma case of Garland v. Union Trust Co., supra, is cited in support of the text above quoted. In that case we said in paragraph 1 of the syllabus:

"* * * Held, further, that because the mortgagee, under the contract, by the exercise of his option accelerating the maturity of the loan, was entitled to demand more than the amount of the loan with legal interest to the time the loan is called, does not make the transaction usurious. * * *"

Of course, the rule would be different if, by virtue of the accelerated maturity clause, the mortgagee should collect unearned interest not yet due. Ruby v. Warrior, 71 Okla. 82, 175 P. 355. We therefore hold that the presence of the accelerated maturity clause in the note in this case does not render the contract usurious.

In their effort to sustain their plea of usury, the defendants have called to our attention numerous decisions from other jurisdictions. In fact, an examination of their brief in this case discloses among the numerous citations only one Oklahoma case, namely, Barnhart v. Richardson, supra. We deem it unnecessary in this opinion to analyze or distinguish the many authorities cited from other jurisdictions. The questions involved herein have been settled by this court in its previous decisions, and we decline to depart from the rules heretofore announced.

It is next contended by the defendants that the mortgage contained a clause which required the mortgagor to pay the mortgage tax; that such a requirement in the mortgage constituted a misdemeanor under section 9588, C. O. S. 1921 (sec. 12354, O. S. 1931), and therefore rendered the entire mortgage void. No question was raised in connection with this clause until after the judgment had been rendered in the trial court. It was mentioned for the first time in the motion to set aside the judgment filed approximately seven days after the judgment had been entered. Assuming, however, that the question is properly before us for consideration, there is no merit in the contention made, for two reasons: First, an examination of the clause in the mortgage discloses that it refers to taxes which might be imposed in the future, as distinguished from taxes imposed by virtue of existing law. The mortgage tax law was already in existence at the time this mortgage was executed. Second, the clause complained of is substantially the same as mortgage provisions considered by this court and held not to be objectionable in the cases of Knebel v. Rennie et ux., 87 Okla. 136, 209 P. 414; Rennie et al. v. Missouri Valley Trust Co., 113 Okla. 257, 241 P. 746; Rennie et al. v. Oklahoma Farm Mortgage Co., 114 Okla. 55, 242 P. 1050. There is no merit in the contention.

What we have heretofore said concerns only cause No. 23409. We now consider cause No. 24337, styled Mary Tobin et al. v. L. S. Holmboe et al. It appears that after the mortgage foreclosure judgment had been entered in the trial court the defendants failed to supersede the same and that the plaintiff subsequently sold the mortgaged property under the judgment to satisfy the debt. The defendants apparently resisted the confirmation of sale. Their contentions in connection with the procedure leading up to the sale and con-

firming the same appear to have been overruled by the trial court. Thereafter the defendants prepared what they call a "supplementary petition in error," to which they attached ten typewritten sheets which purport to be copies of orders and papers filed in the cause subsequent to the time the judgment was rendered. This so-called "supplementary petition in error," together with the attached typewritten sheets, was filed in this court and docketed as cause No. 24337. It purports to be the record in said case. The papers are not certified by the clerk of the district court or anybody else; neither is there any stipulation of counsel as to their correctness. They are not signed or certified by the district judge. We are advised in the brief that there was some evidence taken in connection with the motion to confirm sale. No transcript of such evidence is in the purported record. There is nothing before this court to be considered in connection with cause No. 24337, and the same is hereby dismissed. With reference to cause No. 23409, the decision of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.