### PICKERING v. TAYLOR et al.

No. 26443. Feb. 16, 1937.

Rehearing Denied April 20, 1937.

Application for Leave to File Second Petition for Rehearing Denied May 18, 1937.

I. L. Harris and Ted R. Elliott, for plaintiff in error.

Chas. West, for defendants in error Taylor.

PER CURIAM. The parties occupy the same relative positions, and will be referred to, as they appeared in the trial court.

Plaintiff brought suit against Ruby L. Taylor and her husband, Roswell M. Taylor, for money judgment on a past due note and interest coupons and for foreclosure of a real estate mortgage securing same, executed by one A. E. Bascom to First Mortgage Loan Company, and thereafter by the loan company assigned to plaintiff without recourse; the petition alleging the conveyance of the mortgaged premises to the defendants Taylor and their assumption of and agreement to pay the mortgage indebtedness. Fidelity Trustee & Deposit Company was made a party defendant under the usual allegation that it claimed some interest in the mortgaged premises, and filed a cross-petition, but made no appearance at the trial. The defendants Taylor made no denial of the allegations of plaintiff's petition, but pleaded as a set-off that usury had been charged in excess of plaintiff's demand, and by cross-petition made First Mortgage Loan Company a party defendant, charging conspiracy to commit usury on the part of plaintiff and the loan company. On the trial of the cause, personal judgment being waived by plaintiff, the jury

returned a verdict establishing a lien for plaintiff for the sum of $174.16, thereby allowing a set-off under the defense of usury, of $6,102.88, and judgment was thereupon entered for plaintiff establishing his lien for $174.16, with interest and attorneys' fees, and for foreclosure of the mortgage, and judgment rendered in favor of the defendants Taylor and against plaintiff for $1,000 attorney's fee.

1. The defendants Taylor contend the appeal should be dismissed for the reason that the loan company was made a party defendant by their cross-petition charging plaintiff and the loan company with usury and conspiracy to commit usury, and that case-made was not served upon the latter. Defendants cite authorities to the effect that the term "opposite party" in the statute providing for service of case-made means all parties who have an interest in upholding the judgment sought to be reversed, and to the effect that an appeal will be dismissed for failure to comply therewith. They do not, however, suggest that there was any adverse interest between plaintiff and the loan company in the trial court, nor do they suggest that the loan company in anywise has any interest in upholding the judgment. A party may appeal without making another party, whose interest was not adverse in the trial court, a party to the appeal. The term "opposite party," in O. S. 1931, sec. 534, providing for service of case-made upon the opposite party or his attorney, is synonymous with "adverse party," and means all parties who have an interest in upholding the judgment or order sought to be reversed. In re Wah-shah-she-me-tsahe's Estate, 111 Okla. 177, 239 P. 177; City of Sapulpa v. Young, 147 Okla. 179, 296 P. 419.

The judgment rendered was favorable to the loan company in that it was thereby adjudged that the defendants Taylor take nothing as to it; and was unfavorable to plaintiff in that his demand was thereby reduced $6,102.88 and in that judgment was entered against him and in favor of the defendants Taylor for $1,000 attorney's fee. Irrespective of whether or not, under the pleadings, verdict, and judgment, in event of affirmance of the judgment, plaintiff might or might not have a right of action against the loan company under O. S. 1931, sec. 11364, whereby an endorser under a qualified endorsement warrants that he had no knowledge of any fact which would impair the validity of the note, it will be readily seen that in event of reversal of the judgment it would be relieved of any question of liability thereunder, and accordingly the loan company would not only not be interested in upholding the judgment unfavorable to plaintiff, or adversely affected by a reversal thereof, but on the contrary would be benefited thereby, in that any question as to any such liability would be eliminated. The defendants Taylor alone are interested in upholding the judgment whereby plaintiff's demand against them was reduced, and they and plaintiff are the only parties who would be affected by a reversal thereof. Had the defendants Taylor, upon failure of the jury to return a verdict, and refusal of the court to allow an attorney's fee in their favor as against the loan company, filed a motion for new trial, given notice of their intention to appeal, filed a cross-petition in error, and served the loan company with case-made and brief, the latter would have been very much interested in upholding the judgment in its favor. Defendants having failed to do any of these things, the judgment of the trial court became final in so far as it affected the loan company, and the latter had no further interest in the case. The motion to dismiss is denied.

2. Considering the appeal on the merits, the grounds assigned by plaintiff for reversal may be more briefly set forth under the proposition of whether the answer and cross-petition of the defendants Taylor alleged, and the evidence proved, facts showing a defense of usury to plaintiff's action. The transaction which the defendants Taylor allege was usurious was a former mortgage on other property, executed by the Taylors to the loan company on June 20, 1927, to secure a $7,000 note of even date therewith, due June 1, 1932, bearing interest at 6½ per cent.; alleging that as part of that transaction the loan company charged them with $1,000 interest in advance under the guise of commission, as evidenced by a second mortgage on the same property, and that the $7,000 mortgage was acquired by plaintiff with full knowledge and notice of all the facts; that the $7,000 mortgage was subsequently merged in other mortgages, including the mortgage sued upon by plaintiff, it being the contention of the Taylors that each of the subsequent mortgages was tainted with usury by reason of the usury charged in the original $7,000 mortgage transaction; also that each of the mortgage transactions was usurious in that they provided in case of default all interest, both earned and unearned. was collectible. By way of cross-petition they further alleged that, "By reason of the usury charged, collected and received by the loan company and plaintiff

acting together, conspired to injure these defendants. * * *" Although not pleaded or proved by defendants, it was developed and admitted by plaintiff at the trial that at the time the $7,000 mortgage loan was made the loan company deducted a cash commission of $350.

Considering the pleadings and proof in the manner most favorable to defendants. the loan company charged them as interest in advance the $1,000 second mortgage and the $350 cash commission. In ascertaining whether or not the transaction was thereby usurious, we are controlled by the following rules:

First, in determining whether a loan contract is usurious, interest to be paid thereunder must be computed for the entire period of the loan, and if thus computed the interest does not exceed the maximum legal rate, the contract is not usurious. Tobin v. Holmboe, 172 Okla. 546, 45 P. (2d) 716; Clement Mortgage Co. v. Johnson, 83 Okla. 153, 201 P. 247; Garland v. Union Trust Co., 63 Okla. 243, 165 P. 197, 200.

Second, interest which would become due at the end of the term for which the loan is made, not exceeding one year's interest at the maximum legal rate, may be deducted in advance) Barnhart v. Richardson, 134 Okla. 19, 272 P. 418), and in the event a greater amount than interest for one year at the maximum legal rate is deducted in advance, the excess will be deducted from the principal of the loan as expressed in the loan contract, for the purpose of determining the actual amount of the loan, and the actual amount of the loan as thus determined will be the basis for computing the maximum interest charge allowed by law. Barnhart v. Richardson, supra; Tobin v. Holmboe, supra.

Applying the foregoing rules to the instant case, and assuming, without deciding, that the $1,000 second mortgage is a cash deduction (Tobin v. Holmboe, supra), the loan company deducted interest in advance, as follows:

| | |
|---|---:|
| By second mortgage, | $1,000.00 |
| Cash commission, | 350.00 |
| Total interest deducted in advance, | $1,350.00 |
| Maximum authorized deduction of interest in advance—10% of $7,000, the face of the loan contract | 700.00 |
| Making an unauthorized deduction of interest in advance of, | $ 650.00 |

Deducting the latter sum from $7,000, the face of the loan contract, the actual amount of the loan is ascertained to have been $6,350. The term of the loan was from June 20, 1927, to June 1, 1932, or a term of 4 years, 11 months, and 10 days. Computing the maximum legal amount of interest that could have been charged on the actual amount of the loan, and the interest that was charged by the loan contract, for the term of the loan:

| | | |
|---|---:|---:|
| Maximum legal interest on $6,350, the actual amount of the loan, | | $3,139.72 |
| Interest charged by the loan contract: $7,000 @ 6½% | $2,249.72 | |
| Plus interest deducted in advance—$1,350 less $650 thereof subtracted from face of loan, | 700.00 | |
| Making total of interest charged by the loan contract in the sum of, | | 2,949.72 |
| or | | $ 190.00 |

less interest charged by the loan contract than the maximum legal amount of interest that could have been charged on the actual amount of the loan. And since the $7,000 loan transaction in which the defendants allege the usury originated was not in fact usurious, the subsequent mortgages were not thereby tainted with usury.

We do not agree with the contention of defendants that the clause in the mortgage providing that upon default "the whole sum secured hereby shall at once and without notice become due and payable at the option of the holder, and shall bear interest thereafter at the rate of 10 per cent. per annum," would enable the holder in event of default to collect unearned as well as earned interest. The note sued upon provided for payment of interest at the rate of 7½ per cent. to maturity. Had the acceleration clause been invoked and the maturity of the principal sum thereby advanced, the provision would have required payment of interest to the accelerated maturity date at the rate of 7½ per cent. per annum, plus interest accruing from the accelerated maturity date to the time of payment at the rate of 10 per cent. per annum. Tobin v. Holmboe, supra. If the meaning of the clause were doubtful, this effect would be attributed to it to render the contract legal and free from usury. Covington v. Fisher, 22 Okla. 207, 97 P. 615; Morgan v. Security State Bank, 168 Okla. 301, 32 P. (2d) 925; Tobin v. Holmboe, supra.

The remaining question of conspiracy to commit usury may be disposed of with the statement that since it was based upon "usury charged, collected and received," and as shown there was in fact no usury charged or paid, that allegation falls, for the reason that a conspiracy cannot be founded upon an agreement to do some lawful thing.

As hereinabove shown, the answer and cross-petition of the defendants Taylor failed to state, and the evidence failed to prove, facts constituting a defense of usury or of conspiracy to commit usury to plaintiff's action. There being no issue of fact to be tried, the judgment is reversed, with instructions to the trial court to render judgment in favor of plaintiff establishing his lien for the amount sued for, and for foreclosure thereof.

The Supreme Court acknowledges the aid of Attorneys Arden E. Ross, M. H. Silverman, and O. H. Searcy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ross and approved by Mr. Silverman and Mr. Searcy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur.