## SECURITY STATE BANK v. CHANDLER.

No. 7578—Opinion Filed May 19, 1917.

(166 Pac. 162.)

(Syllabus by the Court.)

**Usury—Payments—Recovery.**

Where more than the legal rate of interest has been paid upon a promissory note by one of the several joint and several makers thereof, the party by whom it has been paid may make the demand for the return of such usury in his own name and prosecute the action for recovery of penalty provided for by section 1005, Rev. Laws 1910, without joining the other makers of the note as parties plaintiff.

Error from Superior Court, Pottawatomie County; Leander G. Pittman, Judge.

Action by W. H. Chandler against the Security State Bank. There was a judgment for plaintiff, and defendant brings error. Affirmed.

F. H. Reily, for plaintiff in error.

Baldwin & Carlton, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover twice the amount of certain payments of interest made by the plaintiff to the defendant which were alleged to be usurious. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The only ground for reversal presented for review which has not been settled in favor of the plaintiff by former decisions of this court is stated by counsel for defendant in his brief as follows:

"The question arising in this case is that the plaintiff demanded that which he could not sue for in his individual right and based a suit upon that demand. The defendant in error believes that the case of First National Bank of Concordia v. Rowley in [52 Kan. 394], 34 Pac. Page 1049, is conclusive upon the proposition advanced and contended for."

It seems that the promissory notes upon which the usurious interest was paid were the joint and several contracts of the plaintiff herein and Sam Azlin and T. B. Azlin. The contention is that, inasmuch as the notes were executed by the plaintiff and the Azlins, the demand should have been made in the name of the joint and several makers of the notes, and all should have been joined as parties plaintiff in this action. We do not believe that the case cited by counsel in support of this assignment of error (First Nat. Bank of Concordia v. Rowley, supra) supports his contention. In that case the promissory note was executed by Rowley and one Groves; partial payments being made thereon by Groves. Later the balance due on the note was included in a renewal note which was signed by Rowley, Groves, and one Christ Beckman. Groves, it appears, made all the payments that were ever made on said note and finally paid the same in full. Later Rowley commenced an action in his own name to recover the penalty. The court was construing the federal usury statute, which is substantially the same as our own. It was held that, inasmuch as the trial court found that Groves, and not Rowley, paid the illegal interest, the liability arose in favor of the former, and no recovery could be had except by him or his legal representative. In the

case at bar the demand states that the plaintiff herein, W. H. Chandler, paid to said bank the sum of $157.06 on said above-described notes as usurious interest, and that the said bank received the said sum of $157.06 usurious interest on said above-described notes, and that said W. H. Chandler now demands the return of said sum. The petition also states that the amount sued for was usurious interest paid by plaintiff, and as the trial court so found, and the evidence adduced at the trial reasonably tends to establish the allegations of the petition and support the findings of the trial court, we think the right of Chandler to make the demand and commence the action in his own name is sanctioned by the rule laid down in the Kansas ease cited above, to the effect that the right of action is in the person by whom the usurious interest is paid. The governing statute (section 1005, Rev. Laws 1910) also seems quite clear to the same effect. It provides:

"In case a greater rate of interest has been paid, the person by whom it has been paid * * * may recover from the person * * * taking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid; * * * Provided, * * * that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury."

The other grounds for reversal presented by counsel in his brief have been recently decided contrary to his contentions in Citizens' State Bank of Ft. Gibson v. Strahan et al., 63 Okla. 288, 165 Pac. 189, the Security State Bank v. Lane, 64 Okla. 11, 166 Pac. 160, just handed down, wherein the authorities will be found quite fully collected.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.