## FEDERAL NAT. BANK v. WILHELM.

No. 16474—Opinion Filed March 16, 1926.

Rehearing Denied May 11, 1926.

### 1. Appeal and Error—Review—Questions of Fact—Conclusiveness of Verdict.

Where the evidence with reference to a disputed question of fact is conflicting, the verdict of the jury in plaintiff's favor, and the judgment entered in accordance therewith, will not be disturbed on appeal because of alleged insufficiency of the evidence, where there is any competent evidence reasonably tending to support the verdict and judgment.

### 2. Usury — Interest Paid in Advance not Usurious.

"The interest which would become due at the end of a term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance, if the parties thus agree." Covington et al. v. Fisher, 22 Okla. 207, 97 Pac. 615. And, where one executes a note for $1,666.50, payable within a year, and $166.50 is deducted therefrom as interest, and the borrower is paid the balance, such interest charge is not usurious, since it does not exceed the maximum interest rate.

### 3. Same—Disposition of Cause.

Record examined; and held, that the judgment should be modified by reducing it to $400, and as modified, should be affirmed, with costs and attorney's fees, as provided in said judgment.

(Syllabus by Shackelford, C.)

*Commissioners' Opinion, Division No. 4.*

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by H. W. Wilhelm against the Federal National Bank. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Joe M. Adams and W. L. Chapman, for plaintiff in error.

A. M. Baldwin and F. H. Reily, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error will be referred to herein as defendant, and the defendant in error as plaintiff, as they appeared in the court below.

The plaintiff filed action against the defendant, alleging in substance that defendant, Federal National Bank, is a banking corporation organized under the laws of the United States, doing business at Shawnee, Pottawatomie county, Okla.; that in 1923 de.endant took over the assets of the Guaranty State Bank of Shawnee, and assumed the liabilities of said Guaranty State Bank; that plaintiff borrowed the sum of $1,500 from the Guaranty State Bank on the 17th of March, 1921, executing his note therefor, together with an additional amount of $166.-50 as interest; that said $166.50 interest was usurious, and the Guaranty State Bank thereby forfeited to plaintiff the sum of $333, double the amount of said usury; that on the 18th of March, 1922, plaintiff executed his renewal note to said bank, in which transaction the bank charged usurious interest to the amount of $533, thereby forfeiting the sum of $1,066, double the amount of said usury; that thereafter there was demanded of plaintiff the sum of $30 as additional interest; that said amount was usurious, and the bank thereby forfeited the sum of $60, double the amount of such usurious charge. The prayer is for judgment against defendant in the sum of $1,126 and costs and an attorney's fee of $100. The defendant answered by general denial.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff for the sum of $500. Upon this verdict the court rendered judgment for plaintiff and against defendant for the sum of $500 with interest thereon at the rate of 6 per cent. from December 11, 1924, the date of the judgment, and an attorney's fee of $100, this sum having been agreed on by the parties. From this judgment defendant has appealed to this court.

Several assignments of error are presented in the petition in error, but the defendant argues only one proposition, viz.: "That the court erred in overruling the motion of plaintiff in error for a new trial." The specific objection urged is that the evidence is insufficient to sustain the verdict and judgment; and the defendant contends in its brief that there is no evidence tending to sustain such verdict and judgment. The defendant complains that there is no evidence tending to show that defendant, Federal National Bank, was the owner of the note in question. It seems it would not be incumbent upon the plaintiff to prove that defendant took over all the assets and assumed all the liabilities of the Guaranty State Bank. It would be sufficient if it is made to appear that defendant took over the note of the plaintiff here in question. The evidence shows that the Federal National Bank has practically the same officers and many of the same stockholders as did the Guaranty State Bank, and did business in the same building and with the same fixtures as the Guaranty State Bank. The defendant admits in its brief that if it be proven that the Federal National Bank was, in fact, the owner of the note here involved, the evidence above referred to with reference to the identity of the personnel of the two banks would be sufficient to charge defendant with notice of the fact that the. note was tainted with usury.

The sole question at issue in this appeal, therefore, is whether or not defendant bank was the owner of the note involved. The plaintiff testified as follows with reference to a conversation had with Mr. Buck, the president of defendant bank, and who was also the president of the Guaranty State Bank, at about the time plaintiff paid the note:

"Q. Was anything said between you and him about paying the note, as to whom the note belonged to? A. He said the National Bank. Q. He said it belonged to the Federal National Bank? A. Yes."

It appears that the note had been misplaced, after having been placed in the hands of Mr. Chapman, the attorney for defendant bank, for collection. When the note was paid Mr. Chapman issued to plaintiff a receipt, which was offered and received in evidence, and which is as follows:

"State of Oklahoma, County of Pottawatomie, ss. I, the undersigned, do hereby certify that on July 14, 1923, H. E. Wilhelm paid the balance in notes made payable to the Federal National Bank that he owed upon a $1,800 note, which had been made to the Security State Bank, afterwards became the property of the Guaranty State Bank, and after that the property of the

Federal National Bank; that the said Wilhelm paid all of the balance in notes that was due on the $1,800 note, payable monthly, and has paid all of those notes, and that he states the original note was not delivered to him, but this is evidence that the same has been paid, and as soon as the old note is located will be turned over to him. This is receipt in full that said note has been paid to said bank through me as its attorney. W. L. Chapman."

After an examination of the record, we are unable to agree with the contention of defendant that there is no evidence tending to show that the defendant was the owner of the note in question. The plaintiff testified positively that the president of defendant bank told him the bank owned the note. The receipt above quoted states that the note is now the property of defendant bank, and in the name of defendant bank acknowledges payment in full to its agent authorized to make the collection. There is some contention that the statement of the attorney would not bind the bank, but we are of the opinion that since the bank accepted the money paid to the attorney who isued the receipt above referred to, and since the receipt was given by the bank's attorney, who was its agent duly authorized to make collection of the note, the receipt would be evidence tending to show ownership of the note. It is not disputed that Mr. Chapman was the agent of defendant to make collection of the note. He made the collection and issued a receipt for the money on behalf of the Federal National Bank, as its attorney. This receipt, together with the testimony of the plaintiff above referred to, certainly constituted evidence tending to show that the defendant owned the note here in question. It is true that the defendant's evidence tends to show the contrary, but such evidence merely had the effect of creating a conflict in the evidence. This being true, then, by the well settled authority, it was the duty of the court to submit the matter to the jury for their determination, just as was done, and the action of the court in this respect was not erroneous. The jury resolved the matter in the plaintiff's favor. Their verdict amounted to a finding that the defendant, Federal National Bank, was, in fact, the owner of the note. After an examination of the record we cannot say that such verdict is not supported by the evidence. On the contrary their verdict seems to be supported by competent evidence, in so far as it had the effect of finding that the defendant bank was the owner of the note.

The defendant next contends that in any event the judgment is excessive in the sum of $100. This contention seems to be correct. The plaintiff alleged in his petition that the original note was for $1,500, and $166.50 interest, and that such interest charge was usurious. An examination of the record and the note discloses that it was an ordinary promissory note for the sum of $1,666.50. It is apparent from this transaction that the bank deducted its interest in advance. This was authorized by statute. Section 5104, Comp. St. 1921, provides:

"The interest which would become due at the end of a term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance, if the parties thus agree."

The note was for $1,666.50, and ran for a term of one year.

Ten per cent. interest on the note for one year would amount to $166.65. Deducting this from the amount of the note, leaves a balance of $1,499.85. The plaintiff admits he received $1,500, or 15 cents more than he was entitled to after the interest was deducted. Since 15 cents less than 10 per cent. of the principal was deducted as interest, the original note was therefore not usurious. The conclusion we have reached in this respect is supported by Covington v. Fisher, 22 Okla. 207, 97 Pac. 615, where the court said:

"Counsel for plaintiffs in error in a statement compiled * * * attempts to show that the verdict was excessive in the sum of $25.35. His figures are based on the theory that the law requires the interest to be figured upon the amount of money actually advanced by Fisher to the Covingtons, at the end of the year, in other words, that he was not permitted to deduct from the loan the interest in advance. In this we believe he is in error."

After citing the statute above referred to, the court further said:

"That Fisher had the right by agreement with the Covingtons, to deduct the interest in advance for one year on the $1 000 note, is not only expressly provided for by the above statute, but seems to be sustained by the authorities in the absence of statute."

Under the authority of the above case, the bank was permitted to deduct 10 per cent. interest from the face of the note. There was no usurious charge, then, and at the time the renewal note was executed, plaintiff was indebted to defendant on the note in the sum of $1,666.50, less $66.50 which had been previously paid, leaving a balance due of $1,600. The renewal note, which superseded the $1,600 note, was for $1,800. The only consideration plaintiff received for

the $1,800 note was the cancellation of the old $1,600 note, or in other words, the note was for $1,800, but plaintiff only received $1,600, the bank deducting $200 as interest. This was usurious, since it exceeded 10 per cent. of the face of the note. The defendant admits that if it be held that the evidence was sufficient to sustain the finding that the defendant bank was the owner of the note, then plaintiff is entitled to recover $400, double the amount of the usurious interest charged on the renewal note. Since we have heretofore concluded that the finding that the bank was the owner of the note is sustained by the evidence, it follows that the plaintiff was entitled to recover $400 on account of the usury charged on the renewal note. The verdict and judgment for plaintiff was therefore excessive in the sum of $100.

The defendant makes no complaint with reference to the attorney's fee allowed by the court. No other assignments of error are argued, and they will be treated as waived.

The judgment of the trial court is modified to the extent of striking $100 therefrom, and the cause as so modified is affirmed in the sum of $400, with interest at the rate of 6 per cent. per annum from the 11th day of December, 1924, and an attorney's fee of $100, and costs.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 858 § 2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 39 Cyc. pp. 949, 950; anno. L. R. A. 1915D, 1196; 27 R. C. L. p. 226; 4 R. C. L. Supp. 1746; 5 R. C. L. Supp. p. 1468. (3) 4 C. J. p. 1158 § 3170.