## ROGERS v. BEMAN.

No. 17784. Opinion Filed Jan. 22, 1929.

H. Tom Kight, for plaintiff in error.

Frank Ertell, for defendant in error.

JEFFREY, C. This action was begun in the county court of Rogers county, Okla., by O. C. Beman, as plaintiff, against G. A. Rogers, as defendant, to recover one-half of the proceeds from two fire insurance policies on a building which was destroyed by fire. Plaintiff's theory, as disclosed by his petition and evidence in the case, is that, in the fall of 1922, plaintiff and defendant, then being engaged in the business of building houses on an equal partnership basis, built a building on lot 13, block 3, in the town of Verdigris, for a pool hall; that the agreement between plaintiff and defendant was to the effect that the building would be constructed out of lumber then owned by them, and furnished with pool tables and other fixtures by them jointly; and that the net proceeds from the business should be divided equally between them. The building was erected on land belonging to one Archie Miller, and the pleadings and evidence disclosed that Archie Miller was employed at a salary to run the pool hall. After the building was constructed, two insurance policies with different companies, in the sum of $1,000 each, were procured on the building and fixtures. On or about March 9, 1924, the building and fixtures were destroyed by fire. Thereafter, the insurance companies having failed to pay the loss under the policies, suits were commenced by the defendant in the name of himself and plaintiff against each of the insurance companies. Thereafter, defendant made a settlement with the insurance companies for the sum of $1,800. Defendant had to pay out of this sum certain items of expense, including attorney's fees and court costs, and having failed to pay plaintiff one-half of the net balance, this suit was commenced by plaintiff for the sum of $849.40, the amount which he claimed to be entitled to. Defendant, by way of answer, alleged that W. A. Briscoe and Archie Miller were the owners of the lot upon which the building was constructed; and that the building was so constructed with

60

the understanding and agreement that, when the same was paid for by receipts from the pool hall business, the said W. A. Briscoe and Archie Miller should each have a one-third interest therein, and defendant should own the remaining one-third interest. It was further alleged that after this agreement was made between and among defendant, Miller, and Briscoe, defendant proposed to take plaintiff in for a one-half interest in the one-third interest to be owned by defendant; that plaintiff, knowing all the facts as agreed upon, consented to this arrangement, and that, by reason thereof, plaintiff only owned a one-sixth interest in the building, the same having been fully paid for from the receipts of the pool hall business at the time of the fire; and that plaintiff was entitled to only a one-sixth part of the insurance money, which, after deducting expenses, amounted to $120, which amount was tendered by the answer. Defendant also filed a cross-petition in which he claimed certain indebtedness due him by plaintiff, and asked for judgment thereon in the sum of $180.40, and that the same be set off as against the sum of $120, which would leave $60.40 due defendant over and above all offsets and counterclaims. The cause was tried to a jury, and a verdict returned in favor of plaintiff in the sum of $700. Judgment having been rendered thereon and motion for new trial overruled, defendant has appealed.

The only objection to the verdict and judgment here urged by defendant is the insufficiency of the evidence to support the verdict and judgment. Counsel for defendant cites several authorities to the effect that a contract of insurance is enforceable only to the extent of the interest of the assured in the property covered, and from this argues that plaintiff could not recover any sum in excess of a one-sixth part of the insurance money after all expenses had been paid. This argument overlooks the fact that the first issue to be determined was, What interest did plaintiff have in the building? The question of insurable interest, or the amount thereof as between plaintiff and the insurance companies, is not in the case.

On the question of plaintiff's interest in the building and fixtures, the testimony of plaintiff was substantially as follows: That defendant approached plaintiff with a suggestion that they build such a building on the same terms and plans as other buildings had been built, that is, by the two of them bearing one-half of the expenses each, including the purchase of pool tables and fixtures; and that they should share equally in the profits from the business; and that at said time no mention was made of any one else having an interest in the building or business; that the building was built by plaintiff and defendant each bearing one-half of the expense; that the pool tables and fixtures were purchased in the same manner; and that thereafter defendant collected the net proceeds from the business, and purported to divide equally with plaintiff. Plaintiff further testified that, after the building was about ready to occupy, defendant advised him that he intended to give W. A. Briscoe a one-third interest in the profits from the business after all expenses had been paid; but that plaintiff did not agree to give any part of his share in the property or business. Plaintiff also testified that he understood that Archie Miller owned the lot on which the building was erected, and that the only consideration to be given Miller for such occupancy was regular employment in the pool hall, which was done. In addition to this evidence, plaintiff offered in evidence two petitions, which had been filed by defendant in the two suits against the insurance companies, in which he alleged that he and plaintiff, who were named as plaintiffs in those actions, were the owners of the building together with the furniture and fixtures at the time of its insurance and destruction by fire. These petitions contained affidavits reciting that G. A. Rogers had read the petitions, knew the contents thereof, and that the statements therein contained were true, and were duly subscribed and sworn to by him.

The most of this evidence was disputed by defendant and his witnesses, but the question of what interest plaintiff owned in the building was one of fact. There being conflicting evidence concerning it, it remained a question for the jury to decide. The question was submitted to the jury under appropriate instructions, and the verdict is conclusive. The rule is that, where, in an action at law, the evidence with reference to a disputed question of fact is conflicting, the verdict of the jury and the judgment of the court, entered in accordance therewith, will not be disturbed on appeal because of alleged insufficiency of the evidence where there is any competent evidence reasonably tending to support the verdict and judgment. Federal National Bank v. Wilhelm, 118 Okla. 23, 246 Pac. 478.

We conclude that the evidence is ample to support the verdict of the jury, and that the verdict should not here be disturbed. The judgment of the trial court is affirmed.

BENNETT. HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 206: 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.