## MEE v. LEWIS et al.

No. 26271.   May 12, 1936.

Rehearing Denied June 16, 1936.

Application for Leave to File Second Petition for Rehearing Denied July 1, 1936.

S. A. Horton and H. A. Wilkinson, for plaintiff in error

Counts & Counts, for defendant in error.

RILEY, J.  This is an action commenced in the district court of Oklahoma county by defendants in error, herein referred to as plaintiffs, against plaintiff in error, herein referred to as defendant, to recover for alleged usurious interest charged by defendant.

The substance of plaintiffs' claim is that on February 26, 1931, they arranged with defendant for a loan of $4,500, and executed their promissory note for said amount, payable "May 26, 1931, on demand after date," bearing interest at the rate of 10 per cent. per annum, and delivered to defendant as collateral security two notes executed by L. M. and Bettie L. Westfall, for $2,500 each, with a credit on one note of $250; that the total money advanced by defendant to plaintiffs was $4,410.25. Of this amount $3,337.25 was paid to the Tulsa Building & Loan Association, in payment of indebtedness of plain-

tiffs to said association, and $1,022 to the Liberty National Bank in payment of plaintiffs' indebtedness to said bank, and $51 for an abstract. That on May 7, 1931, defendant collected the balance due on the first Westfall note in the sum of $2,276.12, and thereafter collected or discounted the second Westfall note for $2,734. That in the meantime Mr. Lowenstein had paid defendant upon a balance from a loan made by Lowenstein to plaintiffs, the sum of $671.92, making a total amount collected by defendant, over and above the amount advanced to plaintiffs, of $911.69, which plaintiffs claim defendant retained and kept as due for interest on said note. In addition thereto they alleged that defendant charged interest on said note of about $125, making a total of interest charged, according to plaintiffs' claim, of $1,037.28. They prayed for judgment for twice said amount.

Defendant answered by general denial, and specifically denied that there was any usury in any transaction had with plaintiffs.

The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiffs in the sum of $1,159.98, and defendant appeals.

The first contention is that the court erred in overruling defendant's demurrer to plaintiffs' petition.

The substance of this contention appears to be that the petition does not allege an agreement by plaintiffs to pay and payment of interest in excess of the lawful rate. The petition alleges that "defendant agreed to loan plaintiffs the sum of $4,500, for a period of three months provided plaintiffs would pay defendant 10 per cent. interest thereon and in addition thereto a bonus of $150, which plaintiffs then and there agreed to pay."

A plainer and more direct allegation of an agreement by a defendant to charge, collect, and receive, and by plaintiffs to pay, an unlawful rate of interest could hardly be drawn.

It is urged that the petition is defective because it does not directly allege that the bonus agreed upon was paid. But the petition with great detail alleges the retention of not only the $150 bonus, but much more.

The contention cannot be sustained.

It is next urged that there was no excessive interest in the transaction. This contention cannot be sustained. In fact the amount of interest claimed by defendant in

his brief is in excess of the lawful contract rate of 10 per cent. per annum.

The argument starts out with a tabulation of defendant's claim, of total loan of $4,600, "due us $226.59, int. paid out for the $4,410.35, and paid on abstract $51.10."

In no case could defendant lawfully claim and collect interest in excess of $176.

The uncontradicted evidence shows that plaintiffs executed their note for $4,500 on February 26, 1931, due May 26th, on demand after date, and a demand note dated March 13, 1931, for $100. Ten per cent. interest on both notes for three months would be $115. Before May 26th, Westfall had paid to defendant on one of the notes the sum of $2,-276.12. This reduced plaintiffs' indebtedness to defendant on May 26th to $2,438.88. On August 26th, defendant purchased from plaintiffs the second Westfall note for $2,300, and on the same date defendant received from M. Lowenstein money due plaintiffs in the sum of $671.92. Ten per cent. interest on the $2,438.88 from May 26th to August 26th would be $60.97. On that date plaintiffs' indebtedness to defendant was more than fully paid. The total amount of lawful interest was not more than $175.97. Thereafter the claim "due us $226.59" is of itself a usurious claim.

There was positive evidence of a demand and an agreement to pay usurious interest, referred to as a "bonus," to the extent of $150.

Defendant makes the contention that the agreement to pay this "bonus" did not make the transaction usurious because it was never paid as interest or retained by defendant with the consent of plaintiffs.

But since Bean v. Rumrill, 69 Okla. 300, 172 P. 452, Midland Sav. & Loan Co. v. Tuohy, 69 Okla. 270, 170 P. 244, and particularly since Munn v. Mid-Continent Motor Securities Co., 100 Okla. 105, 228 P. 150, it has been regarded as settled in this jurisdiction that this court will not uphold any shift or device by which the lender may receive more than 10 per cent. per annum for the use or forbearance of money. It makes no difference whether the excess received be called a bonus or commission.

One scheme or device adopted by defendant in this case appears to have been to issue or cause to be issued insurance policies on the life of plaintiff without his knowledge or consent in a company represented by defendant, and the charge of premium to plaintiff, and then retain about 90 per cent. of the

premium as his commission. One of the policies was issued upon the application of Lewis and the trial court charged him with the full premium.

In Bean v. Rumrill, supra, it is said: "The law does not require a showing that the interest was voluntarily paid."

It makes no difference whether the excess interest is voluntarily paid by the borrower or is retained by the lender out of money coming into his possesion belonging to the borrower. It is none the less "paid" within the meaning of the law.

As to the amount of recovery, the court took from the jury every item except those wherein there was conflict in the evidence and gave defendant the full benefit of his contract, allowing him credit for $100 for services rendered, which, under the record, was very liberal.

Defendant's own evidence shows that on August 26, 1931, when he bought or had assigned to him the last Westfall note for $2,300, there was then but $462 unpaid on the note. On that day defendant collected $671.92 from Lowenstein which belonged to plaintiffs. This overpaid the loan, allowing all interest, by more than $209.66.

A correct compilation of the interest and credits properly allowable under the uncontradicted evidence left an overpayment of about $410, concerning which there was some conflict in the evidence. This added to the 10 per cent. interest properly allowable amounted at least to the $479.99 to which the court limited the jury in its instructions.

The matters concerning which there was a conflict in the evidence were questions of fact for the jury. The verdict settles those questions against defendant.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS and WELCH, JJ., absent.