## HAYDEN et al. v. RANDLES.

No. 27750.  March 22, 1938.

Rehearing Denied April 12, 1938.

John A. Haver and Shirk & Bridges, for plaintiffs in error.

Rollin E. Gish and R. Allen Dixon, for defendant in error.

GIBSON, J. To pay taxes on her house Laura Randles, on January 10, 1929, borrowed $200 from Theodore Hayden, executing her note in said amount. The note on its face bore 10 per cent. interest on deferred payments and provided for monthly payments of $20. Before any money was paid out by the payee the maker made a payment on the note. Thereafter various amounts were paid out for taxes and for improvements, and numerous payments were made by Laura Randles on the account. A Home Owners loan was obtained by Laura Randles on February 15, 1934, and from the proceeds of the loan the executors of the estate of Theodore Hayden, who had died, collected the balance claimed to be due. In making the computation of the amount to be paid them the executors computed interest, and therefore collected interest at 10 per cent. on the entire $200 from the date of the note until paid by the Home Owners Loan Corporation.

Thereafter Laura Randles brought suit to recover various items paid Theodore Hayden or his executors, and for double the amount of interest collected from her through the Home Owners Loan Corporation.

At the trial there was some dispute as to whether the items for repairs were a part of the original loan and whether they were reasonable or actually paid. The court held for the defendants as to these items, but held that there was usury in the collection of interest on the note. The court also held in favor of the plaintiff for $10 collected as costs in a suit brought on the note, but dismissed without trial. This claim was allowed on the theory that nonusury affidavit was not filed, hence the case was wrongfully brought.

The transaction, both for the original mortgagee and his executors, was handled by Hayward Hayden, who testified for the defendants. He produced an accountant as a witness, and the plaintiff produced an accountant, each arriving at a different conclusion, mainly on account of dispute as to items and the fact that in the one case the transactions were treated as one series of dealings, and in the other the tax matters were treated as separate from the items of repairs. In the statement submitted by the executors to the HOLC no mention is specifically made of the repair items, but the note and mortgage, taxes, interest, insurance premiums, and attorney's fees are specifically mentioned.

Since the court found for the defendants on the items of advancements for repairs, and for the plaintiff on the note and mortgage, it is evident that the court treated the transactions as separate, thereby adopting the plaintiff's theory and her evidence thereon, supported by the defendants' representations to the HOLC before this controversy arose. Based on this theory, it is evident that more than 10 per cent. was collected on the note. It is undisputed that the full $200 was not advanced at the time of execution of the note, and it appears that plaintiff paid $23 the day of the execution of the note. The court had a right to believe her testimony, supported by Hayden's entry on her passbook that this was credited on the principal of her $200 note, leaving the balance of principal $177. From other portions of the testimony, if believed, it would appear that at other times the balance fell below $200.

Although Hayden claimed that the mortgage was a construction mortgage, there is nothing in the note or mortgage calling for advancements above $200, and the court was, therefore, warranted in taking the other view that any additional advancements were on open account. The covenants in the mortgage to pay taxes, interest, and insurance warranted the claim for these items in the application made to the HOLC. We cannot say, therefore, that there was any error in considering the note transaction separate and apart from the transactions relating to repairs. So considered, was usury collected thereon?

The amount collected as interest on the $200, as shown by the statement furnished the HOLC, was $100.65, from January 10, 1929, to February 15, 1934. This amount is exactly 10 per cent. interest to the day from January 10, 1929, to February 15, 1934, after deducting the sum of $1.30 which the defendants allowed on the note. It is, therefore, in excess of 10 per cent. on the amount

actually owed after the first payment was made. The defendants had no right to charge 10 per cent. interest on the face of the note without allowing interest credits on the amount paid. The note provides only for interest on deferred payments. When a note is payable over a period of time, in installments, and interest at the highest contract rate is computed on the full amount without reduction thereof on account of partial payments, the plan results in the collection of usury.

In the case of Galveston & H. Inv. Co. v. Grymes (Tex. Civ. App.) 50 S. W. 467, the court had before it a contract running for a period of 10 years, payable by installments, i. e., 1/120th of the principal each month. The court said:

"The debtor was required to pay parts of the principal every month, and, by adding into the notes the whole amount of the interest calculated as due as for annual payments, was required to pay interest on part of the principal which would already have been paid. Since this had the effect of exacting more than 10 per cent. interest on the debt forborne, the contract was clearly illegal. * * *

"The sum of $4,215 was to be forborne for only one month, for at the end of that period 1/120 of it was to be repaid. For the next month only that sum less 1/120 thereof was forborne, and for the third month that sum less 2/120, and so on to the end. It necessarily follows that the proper way, and the only proper way, in which the amount of interest legitimately chargeable upon such a transaction is to be ascertained, is to take 10 per cent. upon $4,215 for one month, on that sum less 1/120 thereof for the second month, on that sum less 2/120 thereof for the third month, and so to the end of the 120 months, and adding together, without compounding, the amounts of monthly interest thus ascertained."

See Bean v. Rumrill, 69 Okla. 300, 172 P. 452.

Although in this case the monthly payments were not regularly made, the principal applied should be the same, and it is obvious that by not allowing credit for the interest on the $23 payment immediately made, the computation used by Hayden when collecting from the HOLC would exceed 10 per cent. on the actual balances due. The court had the right to consider this. and other payments as having been made on the principal. It also had a right to find that Hayden, who handled all the transaction for the lenders, knew of these payments, and therefore knowingly collected in excess of the full contract rate.

This is true, moreover, whether the first payment made be considered as payment on the principal or payment of interest in advance, as indicated in Tobin v. Holmboe, 172 Okla. 546, 45 P.2d 716; since, as interest, the first payment would necessarily be added to the interest collected from the HOLC, which was already the full 10 per cent.

It is urged that no action could be maintained against the executors because no claim was filed with them as such executors. The action here, however, is for the interest actually paid. It was paid to the executors as such after the death of Theodore Hayden. The action, therefore, is against them, not on a cause of action accruing before death of testator, but under the provision of the statute which states:

"In case a greater rate of interest has been paid, the person by whom it has been paid * * * may recover from the person * * * taking or receiving the same in an action in the nature of an action of debt twice the amount of the entire interest paid; provided, that such action shall be brought within two years after the maturity of such usurious contract." Section 9519, O. S. 1931.

This court has held that where the note and interest are paid after their stated maturity date, the cause of action accrues at the date of payment. Bean v. Rumrill, supra; Mires v. Hogan, 79 Okla. 233, 192 P. 811.

Since the judgment below was in accord with the statute, it should be affirmed.

The finding of the court that the $10 court costs collected in the settlement were not warranted, because no nonusury affidavit was filed, is supported by the evidence. The suit, not counting attorney's fees, was for less than $300, and could not properly be brought without such affidavit. Section 9522, O. S. 1931.

There is no error, and the judgment is in all respects affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.