**Loft HOLLAMON, Plaintiff in Error,**

v.

**FIRST STATE BANK OF STROUD, Oklahoma, a corporation, Defendant in Error.**

No. 40206.

Supreme Court of Oklahoma.

Dec. 20, 1963.

As Amended Dec. 30, 1963.

Rehearing Denied Feb. 11, 1964.

P. D. Erwin, Chandler, Sherman & Gay, Oklahoma City, for plaintiff in error.

Dudley & Dudley, Oklahoma City, Richard James, Stroud, for defendant in error.

PER CURIAM:

Loft Hollamon, hereinafter referred to as plaintiff, commenced an action against First State Bank of Stroud, Oklahoma, referred to as Bank, to recover for usurious interest charged and received by the bank. The trial court sustained Bank's demurrer to plaintiff's petition and on plaintiff's election not to further plead, the action was dismissed. Plaintiff perfected the present appeal.

There are two issues to be determined. (1) Is the plaintiff the proper party to maintain the action?, and (2) are the allegations in the petition sufficient to charge a violation of Title 15 O.S.1961 § 266, which prescribes the maximum contract rates of interest?

The material portions of the petition contain the following allegations:

"2—That on or about the 11th day of January, 1960, at the City of Stroud, Lincoln County, Oklahoma, the plaintiff entered into an agreement with the defendant whereby the defendant for the corrupt purpose of charging, receiving and taking a greater sum for the loan of its money than at the rate of 10% per annum agreed to lend the plaintiff the sum of $20,000.00 payable by twenty-three monthly installments of $1000.00 beginning on the 15th day of February, 1960, on the condition that the plaintiff would pay to the defendant for the loan on said money for the said period of time the sum of $3000.00 as interest which $3000.00 was included in the principal of said loan.

"3—That in pursuance of said corrupt agreement the plaintiff executed his promissory note in writing to the defendant dated January 11th, 1960; and that a copy of said note with all endorsements thereon is hereto attached as Exhibit "A" and is made a part of this petition for consideration by the court.

"4—That thereafter the plaintiff made the following payments to defendant upon said note: * * * [plaintiff sets forth the dates and the amounts of the payments. The total amount alleged paid is $23,000.00] that the defendant charged, took and received the said sum of $3000.00 as interest on said loan which was in excess of 10% per annum for the period for which said loan was made; that by reason of the said corrupt agreement and the charging, reserving, taking and receiving the said excessive and usurious interest the defendant forfeited and became liable to pay to plaintiff twice the amount of the interest so charged and received to wit: the sum of $6000.00."

The note attached to the petition as Exhibit "A" was executed as follows:

Hollamon-Aspaas Drilling Co
/s/ Loft Hollamon
/s/ Ward Aspaas

██ Bank contends that plaintiff and Ward Aspaas, signed the note as co-partners of Hollamon-Aspaas Drilling Co., and since plaintiff, individually, was not a party to the note, and not a legal representative of one of the parties to the note, plaintiff is not the proper party to bring this action.

While we have held a usury claim is personal and applies only as between the original parties to the usurious contract or their legal representative and does not apply to parties who were not parties to such contract, (see Liberty Plan Co. v. Smith, 203 Okl. 324, 220 P.2d 239; and Johnston v. American Finance Corporation, 182 Okl. 567, 79 P.2d 242) such rule does not necessarily preclude plaintiff from maintaining this action. Plaintiff alleged that plaintiff and Bank entered into an agreement for the loan of money, on the condition that plaintiff would pay Bank; that pursuant to the

agreement plaintiff executed his promissory note; that plaintiff paid the note in full. There is nothing in the petition or in the note attached which discloses that plaintiff entered into the agreement and executed the note as a co-partner of the company. In Security State Bank v. Chandler, 64 Okl. 10, 166 P. 162, we held:

"Where more than the legal rate of interest has been paid upon a promissory note by one of the several joint and several makers thereof, the party by whom it has been paid may make the demand for the return of such usury in his own name and prosecute the action for recovery of penalty provided for by section 1005, Rev.Laws 1910, without joining the other makers of the note as parties plaintiff."

We can only conclude that under the allegations of the petition, plaintiff may maintain this action.

We will now consider whether or not plaintiff's petition was sufficient to allege that Bank violated the provisions of Title 15 O.S.1961 § 266, which provides that the maximum contract rate of interest shall not exceed ten per cent per annum.

In Clement Mortgage Company v. Johnston, 83 Okl. 153, 201 P. 247, we held:

"The test as to whether a contract is 'usurious,' is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise it is not."

Since the trial court sustained a demurrer to the petition, the petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitles plaintiff to any relief, the trial court erred in sustaining Bank's demurrer to the petition. See Wallace v. Williams, Okl., 313 P.2d 784.

Under the above rule, insofar as necessary to determine the issues in this appeal, the following facts must be taken as true. Bank agreed and did loan plaintiff $20,-000.00; that Bank charged and collected $3,000.00 in interest; that the principal and interest were included in one note which was payable in twenty-three monthly installments of $1,000.00 each; that plaintiff paid Bank $23,000.00 for the $20,000.00 loan and $3,000.00 in interest. In considering the issues we should keep in mind that this was not a loan of $20,000.00, with interest only being payable every month and the principal being payable at the end of two years, or one-half of the principal being payable at the end of the first year and the other half of the principal being payable at the end of two years, but was a loan for $20,000.00 payable with interest in twenty-three monthly installments.

Bank urges that it was entitled to charge and collect $3,000.00 in interest and has set forth two methods of computation. Primarily, Bank argues that it is entitled to collect $2,000.00 in interest for the first year, which is 10% interest per annum on $20,000.00; and since the principal of the loan would be reduced to only $10,000.00 at the beginning of the second year, it would be entitled to collect $1,000.00 in interest for the second year, which is 10% interest per annum on $10,000.00. Bank cites Braniff Inv. Co. v. Norton, 5 Cir., 80 F.2d 598; Federal National Bank v. Wilhelm, 118 Okl. 23, 246 P. 478; and Pickering v. Taylor, 180 Okl. 96, 67 P.2d 949.

Bank's theory might have merit if a $10,000.00 payment on the principal was to be made under the contract at the end of the first year and the balance of the principal, being $10,000.00, was to be paid at the end of the second year, as plaintiff would have use of $20,000.00 for the first year and the use of $10,000.00 for the second year. However, under the contract, plaintiff is obligated to pay $1,000.00 a month and the same is to be applied to the principal and interest.

An examination of the Braniff Investment case, supra, does not disclose how the Federal Court computed the interest. Bank has set forth a method of computation for computing the interest in that case on a year to year basis and assumes the principal was reduced each year in the same amount. The fallacy in Bank's computation is that the loan was payable in monthly installments and not yearly installments as computed by Bank and Bank proposes in its computation that $2,200.00 was to be paid the first year on the principal and interest when only $1,749.84 was to be repaid the first year in principal and interest.

The Federal National Bank case, supra, involved a loan for one year and no payments were to be made during the term of the loan on the principal. The Pickering case, supra, involved a loan for $7,000.00 for a term of 4 years, 11 months, and 10 days, and no payments on the principal were to be made during the term of the loan. In the instant action the term of the loan was for a period of two years, however, plaintiff was obligated to make monthly payments of $1,000.00 which would be applied to the principal and interest.

Plaintiff contends that the interest must be computed for each monthly period of payment and after a payment has been made, the principal of the payment must be deducted from the principal remaining. In other words, plaintiff urges that interest is not chargeable against all the $20,000.00 for the first year and $10,000.00 for the second year, but chargeable only against the actual principal remaining unpaid after a monthly payment has been made. Stated in another way, plaintiff urges that only the maximum rate of interest can be charged against the unpaid balance of the principal.

In Hayden v. Randles, 183 Okl. 8, 80 P.2d 235, we said:

"* * * When a note is payable over a period of time, in installments, and interest at the highest contract rate is computed on the full amount without reduction thereof on account of partial payments, the plan results in the collection of usury."

In that case we held:

"It is usury to collect 10 per cent interest on the full face of a note from its date to date of payment, where * * * payments have been made thereon, since such partial payments, if treated as paid on the principal necessarily reduce the principal upon which interest may be collected, and if treated as interest are just that much added to the amount of the full 10 per cent interest collected."

The case of Tobin v. Holmboe, 172 Okl. 546, 45 P.2d 716, involved a question of usury. In that case partial payments were to be made every six months until the principal was reduced to a certain amount. In computing the amount of interest that could be charged during the period of the loan, allowance was made for the partial payments of principal every six months, on the basis of the maximum legal rate of ten per cent per annum. This Court found that the maximum amount of interest could not exceed $16,500.00. A computation of the amount of interest based on the maximum legal rate per annum, without allowance for the partial payments of principal every six months, discloses that the interest would exceed $16,500.00.

See also Cornelius v. Keegan, 172 Okl. 235, 45 P.2d 58, wherein this Court recognized a distinction between notes payable in a monthly series instead of at the end of loan.

■ We can only conclude that where the principal of a loan and interest thereon are payable in installments at specified intervals within the full loan period, and interest is computed in such a manner that allowance has not been made for the reduction of the principal by reason of the installment payments, if such interest exceeds the maximum contract rate of interest computed on the balance of the principal after each of the installments are paid, such plan is usurious.

As an example, if a note is executed for the principal sum of $1,000.00 and under its terms it is payable in two equal installments of $500.00 (one at the end of 6 months and the other at the end of twelve months), plus interest at the maximum contract rate, which is ten per cent per annum, an interest charge of $100.00 ($1,000.00 X 10% per annum for one year), would be usurious. If interest were chargeable for the entire year under the above circumstances on the $1,000.00, it is evident no allowance would be made for the $500.00 payment on the principal made at the end of six months.

On the other hand, an interest charge of $75.00 would not be usurious as ten per cent interest per annum could be charged on the $1,000.00 for the first six months, which would be $50.00, and interest could be charged on the $500.00 balance for the second six months period, which would be $25.00, or a total interest charge of $75.00.

In the instant action, according to plaintiff's petition, Bank charged and received interest totalling $3,000.00 on a loan of $20,000.00, which was payable under the terms of the contract in twenty-three monthly installments. If the maximum contract rate of interest had been computed on the balance due on the principal after deducting that portion of each monthly installment of $1,000.00 paid on the principal, the interest thereon would be considerably less than the $3,000.00 interest charged and received. It necessarily follows that the interest charged and received exceeded the maximum contract rate of interest computed on the balance of the principal after each of the monthly installments were paid.

The fact that the note for $23,000.00 included both the principal and interest is immaterial as the actual amount of the loan was $20,000.00, for it is the uniform policy of the courts not to permit an act forbidden or penalized by statute to be done either directly or indirectly. The courts will not uphold any device by which the lender may receive more than ten per cent per annum for the use or forbearance of money. See Mee v. Lewis, 177 Okl. 364, 58 P.2d 883.

We therefore hold the petition contains sufficient allegations of usury and the trial court erred in sustaining Bank's demurrer. The cause is reversed and remanded with directions to vacate the order sustaining the demurrer and dismissing the action and to re-instate the petition and proceed with the cause not inconsistent with the views herein expressed.

Reversed and remanded with directions.

JOHNSON, WILLIAMS, JACKSON, IRWIN, and BERRY, JJ., concur.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, J., concur in results.

The Court acknowledges the aid of Supernumerary Judge, N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.