THE ATTORNEY GENERAL HAS RECEIVED, PURSUANT TO 74 O.S. 4248.1 [74-4248.1] (1986), YOUR REQUEST FOR AN OPINION CONCERNING THE PROPRIETY OF A COMPANY IN WHICH YOU HOLD A SUBSTANTIAL INTEREST (NBC, INC.), CONTINUING TO CONTRACT WITH THE OKLAHOMA TEACHING HOSPITALS AFTER THE DATE YOU WERE SWORN INTO OFFICE. THE PERTINENT FACTS AS PROVIDED TO THIS OFFICE ARE AS FOLLOWS: (1) IN JUNE, 1984, THE STATE OFFICE OF PUBLIC AFFAIRS (OPA) REQUESTED BIDS ON A "MULTIYEAR CONTRACT TO PROVIDE COLLECTION SERVICES ON UNPAID ACCOUNTS REFERRED BY THE OKLAHOMA TEACHING HOSPITALS, DEPARTMENT OF HUMAN SERVICES," A STATE AGENCY; (EMPHASIS ADDED); (2) THE BID DOCUMENT STIPULATED THE CONTRACT "WILL BE FOR ONE YEAR (8-1-1984 THROUGH 7-31-1985) WITH AN OPTION TO RENEW FOR ADDITIONAL YEARS AT THE SAME TERMS AND CONDITIONS, EXERCISABLE UNILATERALLY AT THE OPTION OF THE OKLAHOMA TEACHING HOSPITALS, DEPARTMENT OF HUMAN SERVICES;" (3) THE PROPOSED CONTRACT PROVIDED THAT AT LEAST TWO BIDDERS WOULD BE SELECTED AND THE SUCCESSFUL BIDDERS WOULD BE COMPENSATED EXCLUSIVELY ON A PERCENTAGE OF ACTUAL FUNDS COLLECTED BASIS; (4) ON JULY 12, 1984, NBC, INC., A COMPANY OWNED BY THE REQUESTOR, SUBMITTED A SUCCESSFUL BID; (5) IN JULY OF 1985 AND AGAIN IN JULY OF 1986, THE DEPARTMENT OF HUMAN SERVICES EXERCISED ITS UNILATERAL OPTION TO RENEW THE NSC, INC. CONTRACT FOR AN ADDITIONAL YEAR, THE LATTER RENEWAL EXTENDING THE CONTRACT TERMS THROUGH JULY 31, 1987; AND Y (6) IN DECEMBER OF 1986, THE REQUESTOR ASSUMED THE OFFICE OF STATE SENATOR. AN ANALYSIS OF YOUR QUESTION REQUIRES A REVIEW OF 74 O.S. 4246 [74-4246](E) — FORMERLY 74 O.S. 1409 [74-1409] (1983) — AND ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION. 74 O.S. 4246 [74-4246](E) PROVIDES, IN PERTINENT PART: "NO LEGISLATOR SHALL: (E) SELL OR CAUSE TO BE SOLD, . . . AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL INTEREST . . . SERVICES . . . TO ANY STATE AGENCY . . . ." NUMEROUS ATTORNEY GENERAL OPINIONS HAVE CONSTRUED THIS AREA OF LAW. IN EACH INSTANCE THE OPINIONS HAVE LOOKED UPON THE LANGUAGE OF WHAT IS NOW 74 O.S. 4246 [74-4246] (1986) AS "IN EFFECT, RESTATING THE JUDICIAL INTERPRETATION OF ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION" A.G. OP. 71-233, AT PAGE 185. THE PROVISIONS OF ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION PROHIBIT A MEMBER OF THE LEGISLATURE FROM HAVING A DIRECT OR INDIRECT INTEREST IN CERTAIN CONTRACTS, PROVIDING IN PERTINENT PART THAT: "NOR SHALL ANY MEMBER, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED, DIRECTLY OR INDIRECTLY, IN ANY CONTRACT WITH THE STATE, OR ANY COUNTY OR OTHER SUBDIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED." (EMPHASIS ADDED.) THIS CONSTITUTIONAL PROVISION WAS FIRST INTERPRETED BY THE OKLAHOMA SUPREME COURT IN BASKIN V. STATE, 232 P. 388
(OKLA. 1925). IN THAT CASE, THE SUPREME COURT WAS CALLED UPON TO DETERMINE WHETHER A MEMBER OF THE LEGISLATURE, WHO RESIGNED PRIOR TO THE EXPIRATION OF HIS TERM, WAS ELIGIBLE TO BE APPOINTED TO THE SUPREME COURT. IN HOLDING THAT THE LEGISLATOR WAS INELIGIBLE FOR SUCH APPOINTMENT, THE COURT COMMENTED UPON THE BASIC PRINCIPLES UNDERLYING THE PROVISIONS OF ARTICLE V, SECTION 23 THE COURT STATING: "THE ABOVE PROVISION OF THE CONSTITUTION LAS ENACTED TO PREVENT MEMBERS OF THE LEGISLATIVE BRANCH OF THE GOVERNMENT FROM OCCUPYING A DUAL POSITION, AND TO PROHIBIT MEMBERS OF THE LEGISLATURE FROM DERIVING DIRECTLY OR INDIRECTLY ANY PECUNIARY BENEFIT OF LEGISLATIVE ENACTMENTS OR APPROPRIATIONS MADE BY THEM." 232 P. AT 390. (EMPHASIS ADDED.) IN STATE EX REL. SETTLES V. BOARD OF ED. OF DEPENDENT SCH. DIST. NO. D-38, 389 P.2d 355 (OKLA. 1964) THE OKLAHOMA SUPREME COURT NOTED THAT ARTICLE V, SECTION 23 PROHIBITED LEGISLATORS FROM HAVING A DIRECT OR INDIRECT INTEREST IN CONTRACTS AUTHORIZED BY LEGISLATION, INCLUDING CONTRACTS AUTHORIZED BY PRIOR LAW, IF MADE ENFORCEABLE BY CURRENT APPROPRIATIONS. IN THAT CASE THE COURT DETERMINED THE LEGALITY OF A LEGISLATOR HAVING A TEACHING CONTRACT WITH A SCHOOL DISTRICT RECEIVING APPROPRIATIONS BY VIRTUE OF LAWS ENACTED DURING THE LEGISLATOR'S TERM. FINDING THAT: (1) SCHOOL DISTRICTS ARE PROHIBITED FROM INCURRING INDEBTEDNESS IN AN AMOUNT EXCEEDING THE REVENUES IT RECEIVES IN ANY YEAR; (2) FUNDS ON HAND, ABSENT APPROPRIATION OF STATE MONEY, WOULD NOT HAVE BEEN SUFFICIENT TO FUND TEACHER CONTRACTS; AND (3) SCHOOL DISTRICTS ARE NOT LIABLE ON ANY TEACHING CONTRACT TO THE EXTENT THE CONTRACT WOULD REQUIRE PAYMENT IN EXCESS OF CURRENT REVENUES, THE COURT CONCLUDED THAT IT WAS THE APPROPRIATION ACT WHICH HAD MADE THE LEGISLATOR'S CONTRACT ENFORCEABLE AND BINDING. AS SUCH, THE COURT HELD THAT THE APPROPRIATION BILL, BY MAKING FUNDS AVAILABLE TO PAY THE LEGISLATOR, HAD "AUTHORIZED" THE LEGISLATOR'S CONTRACT WITHIN THE MEANING OF ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION. 389 P.2d AT 360. THE COURT'S HOLDING IN SETTLES, SUPRA, WAS THUS CONSISTENT WITH ITS PRIOR HOLDING IN BASKIN V. STATE, SUPRA, THAT THE CONSTITUTIONAL PROVISION PREVENTS MEMBERS OF THE LEGISLATURE FROM DERIVING DIRECT OR INDIRECT PECUNIARY BENEFIT OF EITHER ENACTMENTS OR APPROPRIATIONS. IN A.G. OPIN. NO. 80-301 THEN ATTORNEY GENERAL CARTWRIGHT OPINED THAT AN UNENCUMBERED CONTRACT BETWEEN A STATE AGENCY AND A NEWLY-ELECTED LEGISLATOR ENTERED INTO PRIOR TO THE LEGISLATOR'S ELECTION WAS NOT ITSELF VOID. BUT, RATHER, THE OPINION HELD SUCH A CONTRACT WOULD BE VOIDABLE IN THOSE INSTANCES WHERE THE PURCHASE ORDER FOR SPECIFIC ITEMS PRICED UNDER THE UNENCUMBERED CONTRACT WERE FUNDED BY MONIES APPROPRIATED DURING THE LEGISLATOR/ VENDOR'S TERM OF OFFICE. IN A. G. OPIN. NO. 82-048, THE ATTORNEY GENERAL RULED THAT A LEGISLATOR COULD NOT BE EMPLOYED BY A SCHOOL DISTRICT AS TEACHER IF THAT LEGISLATOR IS PAID OUT OF STATE FUNDS, THE APPROPRIATION FOR WHICH WAS VOTED ON DURING THE LEGISLATOR'S TERM OF OFFICE. IN SO RULING, THE ATTORNEY GENERAL RELIED ON THE STATE SUPREME COURT'S DECISION IN STATE V. SETTLE, SUPRA, WHERE THE COURT'S DECISION TURNED ON A DETERMINATION THAT "THE CONTRACT WAS MADE DURING THE TERM FOR WHICH (THE PLAINTIFF) WAS ELECTED TO THE LEGISLATURE" STATE V. SETTLE AT P. 360. (MATERIAL IN PARENTHESIS ADDED (EMPHASIS ADDED). BY IMPLICATION, THE COURT APPROVED THE CONTINUING EFFECT OF THE TEACHING CONTRACT ENTERED INTO PRIOR TO THE LEGISLATOR TAKING OFFICE, BUT IN FORCE DURING THE TERM OF OFFICE, SO LONG AS NO STATE MONIES WERE APPROPRIATED TO FUND THE CONTRACT. (SEE IN ACCORD, A.G. OPIN. NO. 72-288.) ALTHOUGH MANY OF THE ARTICLE V, SECTION 23 INQUIRIES ADDRESSED BY THE ATTORNEY GENERAL SINCE THE SETTLES DECISION HAVE TURNED ON WHETHER A LEGISLATOR WAS RECEIVING THE BENEFIT OF APPROPRIATED FUNDS-(SEE E.A., A.G. OPIN. NOS. 74-166, 72-288 AND 71-233), THE ATTORNEY GENERAL SPECIFICALLY NOTED IN A.G. OPIN. NO. 82-048 THAT THIS ACCIDENT OF HISTORY SHOULD NOT BE CONSTRUED AS A HOLDING THAT THE PROHIBITIONS OF ARTICLE V, SECTION 23 APPLY ONLY TO APPROPRIATIONS, THE ATTORNEY GENERAL STATING: "IT SHOULD BE NOTED THAT ALTHOUGH, SINCE THE SETTLES DECISION, THE ANALYSIS CONTAINED IN THESE ATTORNEY GENERAL OPINIONS HAS CENTERED ON THE FACTOR OF WHETHER THE LEGISLATOR IS BEING PAID OUT OF STATE APPROPRIATED FUNDS, IT IS CONCEIVABLE THAT "A CONTRACT AUTHORIZED BY LAW . . ." MAY BE AUTHORIZED BY MEANS OTHER THAN THE LEGISLATIVE APPROPRIATION. THEREFORE, ANY CONTRACT OF EMPLOYMENT WHICH A LEGISLATOR MAY ENTER INTO WITH A SCHOOL DISTRICT MUST BE EXAMINED ON ITS OWN FACTS TO DETERMINE WHETHER IT IS ONE "AUTHORIZED" BY LAW BASED DURING THE TERM FOR WHICH (THE LEGISLATOR) SHALL HAVE BEEN ELECTED." (EMPHASIS ADDED.) WITH THE UNDERSTANDING THAT THE CONTRACT PROHIBITION OF ARTICLE V, SECTION 23 DEALS WITH CONTRACTS "AUTHORIZED" BY EITHER ENACTMENTS OR APPROPRIATIONS, WE CAN CONCLUDE FROM LANGUAGE OF THE CONSTITUTIONAL PROVISION AND ITS COMPANION STATUTORY PROVISION THAT THE FOLLOWING ELEMENTS ARE REQUIRED FOR A CONTRACT PROHIBITION TO BE PRESENT: (1) A DIRECT OR INDIRECT INTEREST IN ANY CONTRACT WITH THE STATE, OR ANY COUNTY, OR SUBDIVISION THEREOF; (2) DURING THE TERM FOR WHICH THE LEGISLATOR SHALL HAVE BEEN ELECTED OR WITHIN TWO YEARS THEREAFTER; AND (3) AUTHORIZED BY EITHER ENACTMENT OR APPROPRIATION DURING THAT TIME. IN THE SITUATION YOU HAVE DESCRIBED, THE ONE YEAR RENEWAL OF CONTRACT WITH THE DEPARTMENT OF HUMAN SERVICES UNDER WHICH YOU ARE CURRENTLY OPERATING WAS ENTERED INTO PRIOR TO YOUR TERM OF OFFICE AND IS PAYABLE FROM DEBTS OWED TO THE STATE AND COLLECTABLE FROM INDIVIDUALS, I.E., NON-APPROPRIATED FUNDS. CONSISTENT WITH PREVIOUS JUDICIAL AND ATTORNEY GENERAL OPINION RULINGS, WE CONCLUDE, BASED ON THE INFORMATION YOU HAVE PROVIDED, THAT ARTICLE V, SECTION 23 AND 74 O.S. 4246 [74-4246] DO NOT ACT TO BAR COMPLETION OF THAT CONTRACT. HOWEVER, TO STOP WITH THAT ANALYSIS AND FAIL TO POINT OUT POTENTIAL-FUTURE PROBLEMS WOULD NOT DO YOUR REQUEST JUSTICE. IT IS IMPORTANT TO NOTE THAT THIS ANALYSIS DOES NOT REACH THE QUESTION OF WHETHER OR NOT ANY LEGISLATIVE ACTIONS TAKEN DURING THIS SESSION WOULD "AUTHORIZE" — WITHIN THE MEANING OF ARTICLE V, SECTION 23 — A CONTRACT RENEWED OR ENTERED INTO AFTER THE EXPIRATION O THE CURRENT ONE YEAR AGREEMENT. MOREOVER, IN THE CASE OF WESTINGHOUSE ELECTRIC CORP. V. GRDA, 720 P.2d 713
(OKLA. 1986), THE OKLAHOMA SUPREME COURT CLEARLY STATED ITS INTENT TO, IN THE FUTURE, CONSTRUE ETHICAL QUESTIONS REGARDING PUBLIC OFFICIALS VERY LITERALLY. IN WESTINGHOUSE, THE COURT STATED AS FOLLOWS: "GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."720 P.2d 717, 718 IT IS THIS OFFICE'S BELIEF THAT A RENEWAL OR NEW CONTRACT ENTERED INTO AFTER THE EXPIRATION OF THE CURRENT CONTRACT WOULD, DEPENDING ON QUESTIONS OF FACT, LIKELY BE FOUND TO VIOLATE PROHIBITIONS DISCUSSED ABOVE. AND IT IS OUR STRONG BELIEF THAT SUCH A RENEWAL OR NEW CONTRACT WOULD VIOLATE THE "APPEARANCE OF IMPROPRIETY" STANDARD ENDORSED BY THE COURT IN WESTINGHOUSE. IT IS, THEREFORE, OUR OPINION, BASE ON THE FACTS WHICH YOU HAVE PRESENTED, THAT THE CURRENT AGREEMENT ENTERED INTO WITH THE DEPARTMENT OF HUMAN SERVICES PRIOR TO YOUR ELECTION OR TAKING OFFICE, AND UNFUNDED BY APPROPRIATED STATE MONIES IS PERMISSIBLE. IT IS, HOWEVER, ALSO OUR OPINION THAT A RENEWAL OF THAT CONTRACT OR A NEW CONTRACT WITH THE DEPARTMENT OR HUMAN SERVICES FOR THE SAME SERVICES WOULD NOT BE APPROPRIATE. (WILLIAM J. BULLARD)