Charles S. MAYFIELD and Dorothy May-
field, Plaintiffs in Error,

v.

OKLAHOMA STATE BANK, Ada, Okla-
homa, Defendant in Error.

No. 42018.

Supreme Court of Oklahoma.

Oct. 7, 1969.

Rehearing Denied Nov. 5, 1969.

Robert H. Sherman, Oklahoma City, for plaintiffs in error.

Albert W. Trice, Ada, Lambert, Roberts & Lewis, by Harvey J. Lambert, Frank H. Jaques, Ada, for defendant in error.

HODGES, Justice.

This is an appeal from an order of the district court sustaining defendant's motion for summary judgment. Plaintiff had alleged in his petition a cause of action in usury under 15 O.S. §§ 266, 267 for double the amount of interest paid. They alleged that $42,775.68 was the amount of usurious interest paid.

Plaintiffs set forth in their petition that they had orally agreed with defendant bank to borrow money at the rate of 6 per cent per annum. They alleged that by means of "scheme, devise and subterfuge and plan, defendant charged, reserved and collected from plaintiffs throughout the period from January 25, 1953 to April 29, 1964, interest in excess of ten (10) per cent per annum." Approximately forty individual notes were made during this period.

Plaintiffs' argument below and on appeal is predicated on each note being considered individually. If this approach is considered, then plaintiffs' action on usurious interest may have some merit. Plaintiffs' petition, however, is based upon an oral agreement over a period of approximately eleven years involving a series of transactions. In such instances, the entire period must be considered, and not each individual transaction.

In Tobin v. Holmboe, 172 Okl. 546, 45 P. 2d 716, we held:

"It is the general rule in this jurisdiction, established by many previous decisions of this court, that, in determining whether or not a contract is usurious, the interest to be paid under the terms of the loan should be computed for the entire period of the loan. If the interest thus computed does not exceed the maximum legal rate of 10 per cent per annum, the contract is not usurious.

"We therefore hold that, as applied to this case, the fact that a greater rate of interest than 10 per cent per annum was charged, reserved, or collected during the first year of the loan does not render the contract usurious, when the total interest charged, reserved, and collected, when distributed throughout the period of the loan, does not exceed the maximum legal rate allowed by law."

See also Pickering v. Taylor, 180 Okl. 96, 67 P.2d 949.

The pleadings, stipulated exhibits and records show that the defendant bank loaned to the plaintiffs a total cash sum of $274,895.34, and that the plaintiffs have repaid the amount of $274,014.07. Of this amount, $38,046.44 was charged and credited for interest. The bank records show a balance owing of $38,501.00. When we consider the dealings between the plaintiffs and the defendant as one single transaction, mathematical calculations show that the defendant bank did not charge, nor have the plaintiffs paid any usurious interest.

Judgment affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, LAVENDER, and McINERNEY, JJ., concur.